### COOPER et al. v. UNITED STATES FIDELITY & GUARANTY CO.

#### No. 1326—5432.

Commission of Appeals of Texas, Section A.
June 25, 1930.

Samuel Schwartz, of Houston, for plaintiffs in error.

Hunt, Teagle & Moseley and Hunt & Hunt, all 'of Houston, for defendant in error.

CRITZ, J.

The record in this case shows that on the 26th day of November, 1926, Mrs. Cooper was an employee of the Southern Pacific Building Company of Houston, Tex. The building company held a policy of compensation insurance issued by the United States Fidelity & Guaranty Company. Mrs. Cooper contends that, while in the course of her employment with the building company, she suffered an injury resulting in the permanent loss of the use of her left wrist and an injury to her right knee which resulted in partial incapacity thereof. She filed her claim for compensation within the time required by law with the Industrial Accident Board. On February 11, 1927, the board made an award against Mrs. Cooper denying her any compensation. Mrs. Cooper gave no notice of dissatisfaction with this award, and no suit was brought in the district court to set the same aside within the time prescribed by law.

On June 30, 1927, the award of the board was in some manner again brought before the board for review. The record does not show how it got before the board the second time, but we presume it got there on application of Mrs. Cooper. The very wording of the order of the board declining to reopen shows that it was brought there by some one, and to our minds it would be unreasonable to presume that it was brought there by the building company, or by the guaranty company. The record is sufficient to show that no contention of fraud, mistake, or change of condition was made when the case was presented to and acted on by the board for the second time.

On this last date, June 30, 1927, the board entered the following order: "That it has not been established to the satisfaction of the Board that fraud was practiced in the procurement of said order, or that any change of conditions with reference to physical condition of the claimant disclosed, nor has any such mistake as contemplated by the law been shown to have been committed in the making of said order which would afford warrant for the Board to now undertake the making of change therein, but to the contrary mistake relied upon by claimant to procure a change in said order is merely that of judgment on the part of the Board which in effect means that said claimant is simply at this late hour seeking to procure a new trial of issues that have heretofore been determined and in line with which award has heretofore been made, and therefore review of said order ought to be and the same is hereby in all things denied and refused and said United States Fidelity and Guaranty Company stands fully and finally acquitted and discharged from all liability on account of said claim for compensation, and it is so ordered, adjudged, and decreed by the Board."

Within twenty days after the rendition of the order above set out Mrs. Cooper brought suit in the district court of Harris county against the guaranty company for compensation under the Workmen's Compensation Act.

The opinion of the Court of Civil Appeals calls attention to the fact that in this petition Mrs. Cooper did not allege any fraud, mistake, or changed condition since the denial by the board of her first application.

The case was tried in the district court before a jury on special issues, and on the verdict of the jury judgment was entered in favor of Mrs. Cooper and against the guaranty company, allowing Mrs. Cooper compensation, etc. On appeal, the Court of Civil Appeals for the First District at Galveston reversed the judgment of the trial court and rendered judgment dismissing the case. 14 S.W.(2d) 342. The case is now before the Supreme Court on writ of error granted on application of Mrs. Cooper.

As we understand the opinion of the Court of Civil Appeals, it holds that the district court was without jurisdiction because the Industrial Accident Board had no right to reopen the case without a showing of fraud, mistake, or changed condition.

Our statute, article 8306, § 12d, R. C. S. 1925, provides: "Upon its own motion or upon the application of any person interested showing a change of conditions, mistake, or fraud, the board at any time within the compensation period may review any award or order, ending, diminishing or increasing compensation previously awarded within the maximum and minimum provided in this law, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be only upon notice to the parties interested."

A careful examination of the above article discloses that it only applies to cases where the Industrial Accident Board has previously made an award allowing compensation. It has no application whatever to cases in which the board has made an award refusing compensation.

In the case at bar it is shown that Mrs. Cooper originally presented her application to the board within the time prescribed by law, and that the board duly acted thereon and refused compensation. Mrs. Cooper made no complaint of this action, and filed no suit in the district court within the time prescribed by law, to set aside this award. It, under the circumstances, therefore became final, and the Industrial Accident Board had no power or jurisdiction to pass on the question the second time, even if fraud, mistake, or changed conditions had been alleged and proven.

Since the Industrial Accident Board had no power or jurisdiction to pass on the question the second time, the district court acquired no jurisdiction by the filing of the instant suit.

It is contended by Mrs. Cooper that the guaranty company filed with the district court an agreement to the effect that such court had jurisdiction. This agreement is without effect in law, as jurisdiction in such instance cannot be conferred by agreement, even if the instrument filed be given the construction that it amounted to an agreement of jurisdiction.

It follows from what we have said that, inasmuch as the board had no jurisdiction, the district court acquired none, and the Court of Civil Appeals entered the proper judgment dismissing the suit.

For the reasons above stated, we therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.