PRUITTE et al. v. OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited.

No. 4026.

Court of Civil Appeals of Texas. Texarkana.
July 2, 1931.

Rehearing Denied July 4, 1931.

S. P. Jones and Franklin Jones, both of Marshall, for appellants.

Bibb & Bibb, of Marshall, for appellee.

SELLERS, J.

This is an appeal from a judgment of the district court of Marion county sustaining certain pleas of appellee to the jurisdiction of the court and dismissing causes No. 9687 and No. 9716 which had theretofore been consolidated by the court. It is alleged that Frank Pruitte, while working for the Marshall Compress at Marshall, Tex., on August 29, 1928, received an injury (heat prostration); that said Pruitte partially recovered from this injury, and on August 31, 1928, while working for the Jefferson Compress at Jefferson, Tex., received another such injury from which he died on September 6, 1928.

On September 15, 1928, Wm. Pruitte gave the following notice of fatal injury upon a form furnished by the Industrial Accident Board:

"Notice of Fatal Injury
"Industrial Accident Board
"Austin, Texas.

"Section 4a, Part III. Unless the association or subscriber (employer) have notice of the injury, no proceedings for compensation for injury under this Act shall be maintained, unless a notice of the injury shall have been given to the association or subscriber (employer) within thirty (30) days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of same; or, in case of death of the employee or in the event of his physical or mental incapacity within six (6) months after the death or the removal of such physical or mental incapacity. Provided, that for good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice and the filing of the claim before the Board.

"This is to notify you *Ocean Accident & Guarantee Corporation* that on the *29th* day of *August, 1928*, at about *11* o'clock *A. M. Frank Pruitte* sustained fatal injury while employed by *Marshall Compress Co., Marshall, Texas.* The place of injury was *while working in cylinder at compress.* The cause of death was *heat prostration.*

"State names and P. O. address of nearest relatives: *Wm. Pruitte, 811 West Grand Ave., Marshall, Texas.*

"*Wm. Pruitte*
"*811 W. Grand Ave.,*
"*Marshall, Texas.*

"Dated this *15* day of *September, 1928.*
"This notice should be executed in duplicate and one copy mailed to the Industrial Accident Board and the other copy delivered to the employer or the Insurance Company or Association carrying his insurance."

On the same date he filed the following claim for compensation with the Industrial Accident Board:

"Claim for Compensation for Death.
"Industrial Accident Board
"Austin, Texas.

"Note: This claim should be made out in duplicate, one copy thereof should be mailed

to the Industrial Accident Board and the other copy should be delivered to the Employer or the Insurance Company or Association carrying his insurance.

"This is to notify you *Ocean Accident & Guarantee Corporation* that I claim compensation from you under the Employers' Liability Act of Texas, on account of the death of *Frank Pruitte* on the *6th* day of *Sept. 1928*, which resulted from injuries sustained on the *29* day of *August, 1928*, while in the employ of *Marshall Compress Company, Marshall, Texas.* The place of injury was *while working in cylinder at compress.* The cause of death was *heat prostration.*

"Name and P. O. address of witnesses in support of claim: *Geo. Washington, Marshall, Texas., Edd Richardson, Marshall, Texas; John Madison, 907 West Grand Ave., Marshall, Texas.*

"Give names and P. O. address of the beneficiaries of the deceased (stating the kinship of each such Beneficiary to the deceased):

"*Wm. Pruitte, 811 West Grand Ave.*

"*Ester Pruitte, 639 E. Eleven St., Riverside, Cal.*

"*Zepha Pruitte, 1205 E. Tenth St., Ft. Worth, Tex.*

"Which of the legal Beneficiaries above named are minors?    State ages: *Ester Pruitte, age 15.*

"Length of time employed in same employment previous to date of injury *20 years, with exception of two years.*

"Wages of deceased employee on date of injury were *$100.00* per '*month*.

"Deceased was employed *six* days per week.

"This claim for compensation, with respect to such injury and because of the death of deceased, is made in behalf of and for each and all of the legal beneficiaries of the deceased, as well as by and for the undersigned, he herein acting for himself and such legal beneficiaries.

"*Wm. Pruitte*
"*811 W. Grand Ave.,*
"*Marshall, Texas.*

"Dated this *15* day of *Sept. 1928.*

"Note: If it is claimed that the injury was caused through·the violation, by the employer, of any statute enacted for the safety of the employees contributed to the injury or death of such employé, it is requested that it be stated in this claim for compensation.

"Note: Section 4a Part II. Employers' Liability Act.   Unless the association or subscriber have notice of the injury, no proceedings·for compensation for injury under this Act shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty (30) days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of same, or, in case of death of the employee or in the event of his physical or mental incapacity within six (6) months after the death or removal of such physical or mental incapacity.   Provided, that for good cause the board may in meritorious cases waive the strict compliance with the foregoing limitations as to notice and the filing of the claim before the board."

On November 14, 1928, the Industrial Accident Board made the following order:

"Frank Pruitte (Dec'd), Employee, vs. Marshall Compress Company, Employer. N-23908.

"Ocean Accident & Guarantee Corporation, Ltd., Insurer.

"On this 14th day of November, A. D. 1928, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board claims for compensation made and asserted herein by and in the names of Fred Pruitte, Sam Pruitte, Zepha Pruitte, and Ester Pruitte, surviving children of Frank Pruitte, deceased, against the Ocean Accident and Guarantee Corporation, Limited, which have not been settled by agreement between the parties, and the Board now finds and orders as follows:

"That said claimants have failed to sustain the burden imposed upon them by law to establish to the satisfaction of the Board that Frank Pruitte, deceased, suffered injury while engaged in the course of his employment in the capacity of employee which resulted in his death, but to the contrary it has been made to appear that his death was the result of natural causes in no way connected with or incident to his employment, and therefore, said Ocean Accident and Guarantee Corporation, Limited, ought to be and is hereby fully and finally acquitted and discharged from liability on account of claims of Ester Pruitte, Zepha Pruitte, Sam Pruitte, and Fred Pruitte, and it is so ordered, adjudged and decreed by the said Board."

No notice of dissatisfaction with this award was filed with the board within twenty days as required by the provisions of this act, nor was any appeal taken from the board's ruling.   In fact, no further proceedings were had with reference to such claim until January 9, 1929, when Wm. Pruitte filed a motion with the board to reopen the case and reconsider the award entered on November 14, 1928.

On January 22, 1929, Wm. Pruitte qualified as guardian of Ester Pruitte, the minor referred to in the claim filed by Wm. Pruitte with the board.

On February 28, 1929, another order refusing to reopen the award of November 14, 1928, was made by the board, and within twenty days the appellants gave notice of their dissatisfaction with the board's ruling, which notice·is as follows:

"Frank Pruitte (Dec'd), Employee, vs. Marshall Compress Company, Employer. N-23908.

"The Ocean Accident & Guarantee Corporation, Ltd., Insurer.

"The Industrial Accident Board, "Austin, Texas.

"You will take notice that the claimants, William Pruitte, Fred Pruitte, Sam Pruitte, Zepha Pruitte and Ester Pruitte, are dissatisfied with the final award, ruling and decision entered by this Honorable Board on the 28th day of February, A. D. 1929, and within the statutory period from the date of filing hereof will file suit in the district court of the proper county to set aside said final ruling, decision and award made by the Industrial Accident Board on the 28th day of February, A. D. 1929.

"This 12th day of March, A. D. 1929."

Still another motion was made by the beneficiaries of Frank Pruitte to the board to reopen the award of November 14, 1928, which was denied by the board on March 26, 1929, and to the order overruling such motion appellants gave notice of dissatisfaction, substantially as that above set out. The appellants within the statutory time filed suit in the district court of Marion county, appealing from the orders of the board made respectively on February 28, 1929, and March 27, 1929, said suit being cause No. 9687 on the civil docket of said court and was filed on March 30, 1929.

On March 28, 1929, the following application signed by attorneys for petitioners was filed with the Industrial Accident Board:

"Before the Industrial Accident Board "Austin, Texas,

"Frank Pruitte (Deceased), Employee, vs. Marshall Compress Company, Employer.

"The Ocean Accident and Guarantee Corporation, Insurers.

"Now comes William Pruitte, guardian of the estate of Ester Pruitte, a minor, and shows that heretofore, to-wit, on the 6th day of September, 1928, Frank Pruitte died as a result of injuries he received while in the employ of the Jefferson Compress Company at Jefferson, Marion County, Texas, and when the Ocean Accident & Guarantee Corporation, Ltd., carried the Workmen's Compensation Law, which was then in force and covered the employees of the Jefferson Compress Company. That thereafter, on the 22nd day of January, 1929, the said Ester Pruitte acting through her guardian in affidavits filed in this claim, pending as a claim against the Ocean Accident & Guarantee Corporation, Ltd., covering insurance on the employees of the Marshall Compress Company at Marshall, Texas, brought to the notice of this Board through affidavits of Lula Barber, Jim Jackson, R. H. Wood, Doctor

Felix Peebles and Jack Buchanan filed therein, that the said Frank Pruitte was an employee of the Jefferson Compress Company at the time he received the injuries that caused his death.

"The said Ester Pruitte through her guardian for herself, and for the benefit of the other beneficiaries, Zepha Pruitte, Sam Pruitte, Fred Pruitte, and William Pruitte, here presents this motion and asks that the Board dispose of said claim against the Jefferson Compress Company, and the Ocean Accident & Guarantee Corporation, growing out of the death of her father, Frank Pruitte, by an appropriate award to be entered by this Board.

"Wherefore, plaintiff prays for consideration and disposition of said claim, which said claim was brought to the attention of this Board by the said affidavits within six (6) months after the death of the said Frank Pruitte."

Notice was given by the Industrial Accident Board of the filing of this application and of the setting of the same for hearing, and then pursuant to this notice on April 25, 1929, the board made this order:

"Frank Pruitte (Dec'd), Employee, vs. Marshall Compress Company, and or Jefferson Compress Company, Employer. N-23908.

"Ocean Accident and Guarantee Corporation, Ltd., Insurer.

"On this 25th day of April, A. D. 1929, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board application to review order made and entered herein under date of November 14, 1928, and the Board now finds and orders as follows:

"That the said Fred Pruitte, Sam Pruitte, Zepha Pruitte, and Ester Pruitte, have failed to establish to the satisfaction of the Board that fraud was practiced in the procurement of said award or that a change of conditions has been undergone with reference to claimants, nor has it been made to appear that any such mistake as contemplated by law was committed in the making and entering of said order which would afford warrant for the Board to now undertake the making of of a change therein, but to the contrary the mistake which appears to be relied upon by said claimants to procure a change in said order is merely one of judgment on the part of the Board, and therefore review of said order ought to be and the same is hereby in all things denied and refused; and it is so ordered, adjudged and decreed by the said Board.

"E. S.

"J. M. P."

The claimants gave the statutory notice to the board stating their dissatisfaction with the award of April 25, 1929, and on

May 1, 1929, appealed from the ruling of the board by filing suit in the district court of Marion county; same being cause No. 9716 on the civil docket of said court.

In the light of the above statements of the proceedings, we have reached the conclusion that the trial court did not err in dismissing cause No. 9687 for want of jurisdiction which is an appeal from the orders respectively of February 28, 1929, and March 27, 1929, of the board refusing to reopen the previous final order made on November 14, 1928. This award of November 14th denying compensation not having been appealed from as required by article 8307, § 5, Revised Statutes of 1925, as amended by Acts 40th Leg. (1927), c. 223 (Vernon's Ann. Civ. St. art. 8307, § 5), became final and the board had no jurisdiction to reopen the same. Cooper v. U. S. F. & G. Co. (Tex. Com. App.) 29 S. W.(2d) 971.

The Workmen's Compensation Act does not expressly require each beneficiary himself to file a claim with the Industrial Accident Board before that board would be authorized to make an award. The claim as filed by Wm. Pruitte upon the blank furnished by the board, so far as this record discloses, mentions all and gives correct information as to who the beneficiaries of Frank Pruitte were. And we have concluded that this application may be treated as sufficient to invoke the jurisdiction of the board to make an award covering the injury sustained while working at the Marshall Compress.

Neither do we agree with appellants that the board was without jurisdiction as to the minor, Ester Pruitte, referred to in the application, for compensation filed by Wm. Pruitte on September 15, 1928. The general law of Texas has no application with respect to proceedings before the Industrial Accident Board, and since such act has no provision expressly requiring the appearance before the board by next friend or by guardian, the orders of the board are as binding upon the minor beneficiaries as they are upon adult beneficiaries. But we are of the opinion in this case that the application for compensation filed by Wm. Pruitte on September 15, 1928, had the legal effect of an appearance before the board by Wm. Pruitte as the next friend of Ester Pruitte.

The application for compensation, however, filed by Wm. Pruitte on September 15, 1928, made no mention of the injury sustained by Frank Pruitte while employed by the Jefferson Compress at Jefferson, Tex., and since it is necessary for the board to have an application filed with the board for compensation for an injury before it acquires jurisdiction to make an award (Southwestern Surety Ins. Co. v. Curtis [Tex. Civ. App.] 200 S. W. 1162), it is believed that the Industrial Accident Board never acquired jurisdiction of the injury received by Frank Pruitte on August 31, 1928, while working for the Jefferson Compress until the application of March 28, 1929, was filed. Although this application was filed more than six months after the death of Frank Pruitte, and the board made an award denying the compensation, yet an appeal from the ruling was duly prosecuted to the district court of Marion county by filing cause No. 9716, and applicants were entitled to have a trial of this cause by the court and to have determined by the court or jury, if one should be demanded, along with the other issues, the issue of whether good cause existed excusing the filing of the application for compensation within six months as provided for in article 8307, § 4a, R. S. 1925; Texas Indemnity Ins. Co. v. Holloway et al. (Tex. Civ. App.) 30 S.W.(2d) 921.

The claim for injury received by Frank Pruitte while working for the Marshall Compress at Marshall, Tex., on August 29, 1928, was entirely independent of and had no connection whatever with the claim for injury received by Frank Pruitte while working for the Jefferson Compress at Jefferson, Tex., on August 31, 1928. They are alleged to have happened on different dates while working for different employers in different counties, and under the Workmen's Compensation Act, each invoke the jurisdiction of a different court on appeal, for it is provided in article 8307, § 5, that all appeals from the ruling of the board shall be to the court of proper jurisdiction in the county where the injury occurred.

We have concluded that the judgment of the trial court as to cause No. 9687 should be affirmed, and as to cause No. 9716 the judgment will be reversed and the cause remanded.