## OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited, v. PRUITT et al.
### No. 1648—6090.

Commission of Appeals of Texas, Section A.
March 22, 1933.

42

Bibb & Bibb, of Marshall, for plaintiff in error.

Jones & Jones, of Marshall, for defendants in error.

CRITZ, Judge.

This is an appeal from a consolidated compensation suit. Wm. Pruitt et al. filed two suits in the district court of Marion county, Tex., against Ocean Accident & Guarantee Corporation, Limited, one being numbered 9687, and the other 9716. The two suits were consolidated and tried as one. Also the plaintiffs amended and filed one petition for the two suits as consolidated. The trial court sustained pleas to the jurisdiction filed by the accident corporation and dismissed the consolidated suit. On appeal by Wm. Pruitt et al. to the Court of Civil Appeals that court affirmed this judgment as to matters involved in cause No. 9687, but reversed and remanded such judgment as to matters involved in cause No. 9716, 40 S.W.(2d) 254. The accident corporation brings error.

It appears upon the face of the pleadings in the consolidated case and in both original cases that Frank Pruitt, deceased, was the father of William, Fred, Sam, Zephia, and Esther Pruitt, who are designated above as Wm. Pruitt et al. and will be so designated hereafter.

Wm. Pruitt et al. alleged in both cases and in the consolidated case that while working for Marshall Compress Company, at Marshall in Harrison county, Texas, on August 29, 1928, Frank Pruitt received a heat stroke which rendered him very sick and incapacitated him from labor for a time. It is then alleged that on August 31, 1928, while he was working for Jefferson Compress Company, in Jefferson, Marion county, Tex., Frank Pruitt suffered another heat stroke which rendered him unconscious for a time, and unable to work for several days. It is then alleged that on September 5, 1928, Frank Pruitt returned to work to the Jefferson Compress Company and worked that day. It is alleged that the next day he died. At this point we pause to say that the pleadings in both cases, and in the consolidated case, in legal effect, allege that death resulted from the combined effects of the two heat strokes detailed above. We shall refer to this matter later.

The pleadings disclose that both the above compress companies were independent corporations, one being located at Marshall in Harrison county, Tex., and the other at Jefferson in Marion county, Tex. Frank Pruitt's employment was not joint, but each company paid him for the time he worked for it. The two companies gave him sufficient employment to take up practically his entire time. Both compress companies carried compensation insurance as provided by the laws of this state in the Ocean Accident & Guarantee Corporation, Limited, but the insurance contracts were separate policies and independent of each other.

On September 15, 1928, Wm. Pruitt, for Wm. Pruitt et al., gave notice of the injury and death of Frank Pruitt to the Accident

Board, and made claim for compensation based on such death against the above accident corporation. This notice and claim gave the cause of death as heat prostration, the employer as Marshall Compress Company, the county of injury as Harrison county, Tex., the date of injury as August 29, 1928, and the date of death as September 6, 1928. This notice and claim claimed compensation for Wm. Pruitt et al. from the accident corporation on account of the death of Frank Pruitt.

On November 14, 1928, after due notice, the Industrial Accident Board heard and considered the above claim, and in all things refused the same, and fully and finally acquitted and discharged the accident corporation from all liability on account of such claim. No notice of dissatisfaction with this order was filed with the board, nor was any appeal taken therefrom within the time and in the manner required by law.

It is shown that after the entry of the above order and the failure to give notice of dissatisfaction therewith or to appeal therefrom, these claimants' made repeated efforts to have the board reopen the above award. These efforts extended over several months, as is fully shown by the opinion of the Court of Civil Appeals.

On February 28, 1929, and again on March 26, 1929, the board made orders overruling motions theretofore filed by Wm. Pruitt et al. to reopen its original order or award of November 14, 1928, supra. Notice of dissatisfaction with each of these orders was given in due time, and on March 30, 1929, Wm. Pruitt et al. filed suit No. 9687 in the district court of Marion county, Tex. This is one of the consolidated suits.

On March 28, 1929, just two days before the filing of cause No. 9687, supra, Wm. Pruitt et al., through their attorneys, wrote a letter to the board headed "Frank Pruitt Deceased v. Marshall Compress Co." This letter acknowledged the receipt of a letter from the board of March 27, 1929, declining to review its order of November 14, 1928, supra, and declining to make a further award in this case. The letter then informed the board that, "There is a phase of this matter that seems to have been overlooked by your Board." The letter then reads as follows:

"That on or about January 22nd, 1929, and within six months after the death of Frank Pruitt, notice was given in the affidavits then filed, that Frank Pruitt was an employee of the Jefferson Compress Company, and probably received all his injuries as such employee at Jefferson, Marion County, Texas, but certainly received a part of them there. The Ocean Accident & Guarantee Corporation carried the insurance on the Jefferson Compress Company, as well as on the Marshall Compress Company.

"None of the orders which the Board has made, take any cognizance of the fact that Frank Pruitt, was working for the Jefferson Compress Company when injured; and notwithstanding two of those orders have been made since the notice referred to in the affidavits, that he was an employee of the Jefferson Company when killed, was brought to the attention of this Board.

"As we view the matter, neither of the orders dispose of that claim, and therefore, we hand you a formal motion asking that you dispose of the claim against the Jefferson Compress Company, and the Ocean Accident & Guarantee Corporation so that if our client, Ester Pruitt shall be dissatisfied with same, that she may appeal therefrom.

"We trust that you will make an order covering this matter, and send to us a copy thereof."

On the same day as date of the above letter the following instrument was filed with the board by the claimants:

"Before the Industrial Accident Board, Austin, Texas.

"Frank Pruitt (Deceased), Employee, vs. Marshall Compress Company, Employer.

"The Ocean Accident and Guarantee Corporation, Insurers.

"Now comes William Pruitt, guardian of the estate of Ester Pruitt, a minor, and shows that heretofore towit, on the 6th day of September, 1928, Frank Pruitt died as a result of injuries he received while in the employ of the Jefferson Compress Company at Jefferson, Marion County, Texas, and when the Ocean Accident & Guarantee Corporation Ltd., carried the Workmen's Compensation Law, which was then in force and covered the employees of the Jefferson Compress Company. That thereafter, on the 22nd day of January, 1929, the said Ester Pruitt acting through her guardian in affidavits filed in this claim, pending as a claim against the Ocean Accident & Guarantee Corporation Ltd., covering insurance on the employees of the Marshall Compress Company at Marshall, Texas, brought to the notice of this Board through affidavits of Lula Barber, Jim Jackson, R. H. Wood, Doctor Felix Peebles and Jack Buchanan filed therein, that the said Frank Pruitt was an employee of the Jefferson Compress Company at the time he received the injuries that caused his death.

"The said Ester Pruitt through her guardian for herself, and for the benefit of the other beneficiaries, Zepha Pruitt, Sam Pruitt, Fred Pruitt, and William Pruitt, here presents this motion and asks that the Board dispose of said claim against the Jefferson Compress Company, and the Ocean Accident & Guarantee Corporation, growing out of the death of her father, Frank Pruitt, by an appropriate award to be entered by this Board.

"Wherefore, plaintiff prays for consideration and disposition of said claim, which said claim was brought to the attention of this Board by the said Affidavits within six (6) months after the death of the said Frank Pruitt."

Due notice was given of the filing of the above instrument, and on April 25, 1929, the board entered the following order:

"Frank Pruitt (Dec'd), Employee, vs. Marshall Compress Company, and/or Jefferson Compress Company, Employer. N-23908

"Ocean Accident and Guarantee Corporation, Limited, Insurer.

"On this 25th day of April, A. D. 1929, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board application to review order made and entered herein under date of November 14th, 1928, and the Board now finds and orders as follows:

"That the said Fred Pruitte, Sam Pruitte, Zepha Pruitte and Ester Pruitte have failed to establish to the satisfaction of the Board that fraud was practiced in the procurement of said award or that a change of conditions has been undergone with reference to claimants, nor has it been made to appear that any such mistake as contemplated by law was committed in the making and entering of said order which would afford warrant for the Board to now undertake the making of a change therein, but to the contrary the mistake which appears to be relied upon by said claimants to procure a change in said order is merely one of judgment on the part of the Board, and therefore review of said order ought to be and the same is hereby in all things denied and refused, and it is so ordered, adjudged and decreed by the said Board."

After the entry of the order last above, Wm. Pruitt et al. again gave notice of their dissatisfaction therewith, and on May 1, 1925, attempted to appeal from said order by filing their second suit in the district court of Marion county, Tex. This is cause No. 9716 of this consolidated suit.

As already shown, the trial court held that it was without jurisdiction in this consolidated suit, and dismissed the same. We presume the judgment of the district court was based upon the theory that the original award of November 14, 1928, entered by the Accident Board denying these claimants compensation for the death of Frank Pruitt, was a final adjudication of all matters involved in this consolidated suit. The Court of Civil Appeals holds that the judgment of the district court was correct as applied to the matters involved in cause No. 9687, but was error as applied to the matters involved in cause No. 9716.

■ It will be borne in mind that at the time the judgment of the district court was rendered, section 12d of article 8306, R. C. S., was in force as contained in the 1925 codification (it has since been amended by Acts 42d Leg. [1931] p. 260, ch. 155 [Vernon's Ann. Civ. St. art. 8306, § 12d]). As already shown, when the matter of compensation for Frank Pruitt's death was presented to the board originally, the board absolutely refused compensation. No notice of dissatisfaction was given by Wm. Pruitt et. al., and no suit was filed appealing therefrom. It follows that such order became final, and the board had no power or jurisdiction to pass on the matter a second time. It is evident from this that both the trial court and the Court of Civil Appeals were correct in their rulings in reference to the matters originally involved in cause No. 9687. Cooper v. U. S. F. & G. Co. (Tex. Com. App.) 29 S.W.(2d) 971; Id. (Tex. Com. App.) 33 S. W.(2d) 189.

■■ The Court of Civil Appeals was in error in reversing the judgment of the district court as applied to the matters originally involved in cause No. 9716. This is because the order or award of the Accident Board of November 14, 1928, was a final adjudication of all matters involved in this consolidated suit. Under our compensation statutes, when an employer of labor subject thereto has complied therewith, and procured insurance under its terms, the insurer, and not the insured, is liable for all compensation occurring under its provisions. The accident corporation was the insurer of both the Marshall Compress Company and the Jefferson Compress Company. The right of these claimants to compensation, if they had any such right, was grounded on the death of Frank Pruitt. The Accident Board had jurisdiction, when it originally passed upon this matter, and refused compensation for such death, to consider both alleged causes of death, and these claimants then had the right to present all matters pertaining to such death and its causes to the board. Under the undisputed record, the award, regardless of which place death occurred, would have involved the same claimants, the same insurer, the same amount of compensation, and the accidental death of the same employee. Under such a record, claimants should have presented to the board both alleged injuries. Nichols v. Dibrell, 61 Tex. 339.

■■ It is clear that had a district court had original jurisdiction, like the board had, to hear and determine compensation in this case for the death of Frank Pruitt, regardless of which injury produced his death, the final judgment of such court, denying compensation where only one injury was urged, would have barred a recovery in a subsequent suit where another injury was urged. This is because the decision of a court of competent jurisdiction is conclusive, not only as to the subject-matter determined, but as to

every other matter which the parties might have litigated in the case, and which they might have had decided. In other words, the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time. Nichols v. Dibrell, supra. It is clear that the board, as shown above, had potential jurisdiction of this entire matter, and had jurisdiction when it made its original order or award · denying compensation to these claimants to have considered the cause of death and made an award based thereon, regardless of which injury produced it. It is further the rule that the final award of the board unappealed is entitled to the same faith and credit as a judgment of a court. There is therefore no escape from the conclusion that the award of November 14, 1928, made by the Accident Board denying these claimants compensation from this insurer on account of the death of Frank Pruitt was and is res judicata of this entire suit.

The Court of Civil Appeals holds that the district court was in error in dismissing as to the matters originally involved in cause No. 9716 because that cause involved a different claim from the one passed on by the board in its original order of November 14, 1928. This holding seems to be based upon the further holding by the Court of Civil Appeals that cause No. 9687, and the claim back of it, were based on the injury received by Frank Pruitt while employed by the Marshall Compress Company, while cause No. 9716, and the claim back of it, are based on an entirely different and later claim; which is the injury received by Frank Pruitt while employed by Jefferson Compress Company. We think that we have demonstrated above that the above holding was error. The claim was based on the death of Frank Pruitt.

There is another reason why we think that the Court of Civil Appeals was in error in holding that this cause should be reversed and remanded so as to allow these claimants to try a cause of action based on Frank Pruitt's injury received while working for Jefferson Compress Company. An examination of the petition on which this consolidated suit was tried in the district court shows that Wm. Pruitt et al. did not bring a suit based on the contention that Frank Pruitt died as a result of an injury received by him while employed by Jefferson Compress Company alone; but, on the other hand, the petition minutely and in detail pleads both injuries or heat strokes above mentioned, and then in effect alleges that death resulted from the two injuries. We have carefully read the entire pleading and to our minds it is susceptible of no other construction. In this connection we note the following condition from the pleadings of Wm. Pruitt et al. in the consolidated suit:

In paragraph V it is alleged: "That the Marshall Compress Company, and the Jefferson Compress Company each respectively employed at the time of the injuries to Frank Pruitt which resulted in his death, more than three laborers, and were operating under 'The Texas Workmen's Compensation Law.' That at the time he received the injuries which caused his death, Frank Pruitt, the father of the plaintiff, was an employee of the Marshall Compress Company, and an employee of the Jefferson Compress Company, and was covered by the Workmen's Compensation insurance, covering said companies, which was carried in separate policies on each compress by the defendant."

In paragraph VI it is alleged: "That on or about the 6th day of September, 1928, Frank Pruitt, father of the plaintiffs, died as a result of injuries which he received while working for the Jefferson Compress Company; and the Marshall Compress Company, and the Jefferson Compress Company through their agents, servants, and/or employees, procured and caused William Pruitt to make out and file with the Industrial Accident Board, and with the defendant, a notice of fatal injury and death of Frank Pruitt, which notices were filed prior to the 14th day of November, 1928."

In paragraph XX and XXI of the petition it is again alleged that Frank Pruitt was an employee of both compress companies named above and that his death was the result of the injuries received while employed by both such companies. We quote the following from paragraph XXI: "Plaintiffs show that on or about said 5th day of September, 1928, the deceased, Frank Pruitt, had not fully recovered from the injuries received by him on or about August 31, 1928, as described above, but that he continued to work during said day and returned to his boarding place that night. That early in the morning on or about September 6, 1928, the deceased, Frank Pruitt, attempted to clothe himself and return to work, but as a result of the heat prostration and his having been overcome by heat as described above, he immediately died, as a result of the injuries received by him while an employee of the Jefferson Compress Company and Marshall Compress Company as described above."

Following the above allegation is paragraph XXII, which reads as follows: "Plaintiffs show that the deceased, Frank Pruitt, having been overcome by heat, as described above, never fully recovered, but to the contrary that his condition constantly grew worse until it terminated in his death, as above described. Further, Plaintiffs show that said death of the deceased, Frank Pruitt, was directly due and attributable to the heat pros-

tration suffered by him, as described above, at the hands of his employer, the Jefferson Compress Company and the Marshall Compress Company, and that said heat prostration was received by the deceased during the course of his employment as a laborer for said company."

We think the portions of the pleadings in the consolidated cause above quoted clearly demonstrate that no portion of the pleadings in the consolidated suit can reasonably be treated as an action based on injuries received by Frank Pruitt while employed by Jefferson Compress Company alone. On the other hand, the pleadings throughout carefully and guardedly plead the two injuries, and their legal effect is to ground a cause of action on the theory that death resulted to Frank Pruitt from the combined effects of both injuries.

It is undisputed that these claimants made claim to the board against the accident corporation for compensation for the death of Frank Pruitt as a result of the injuries received while working for the Marshall Compress Company. It is undisputed that compensation was refused by the board on this claim. Finally, it is undisputed that no appeal was prosecuted by claimants as to such award and it became final. As above demonstrated, it is evident that no suit has ever been filed by claimants based on the death of Frank Pruitt, as the result of injuries received by him while working for Jefferson Compress Company alone, but merely a suit based on the two injuries combined. Certainly, if claimants had properly appealed from the order of the board refusing compensation in the first instance, and had lost the same by final judgment and decree of a court of competent jurisdiction, they would not now be permitted to recover in a new suit based in part on death resulting from the injury involved in the first suit and in part on death resulting from a later injury. In such a case it is clear that the original judgment would be res judicata of the second suit. We think the same rule applies to an award of the Accident Board which has become final.

Counsel for claimants contend that the amendment to section 12d of article 8306, supra, passed by the Forty-Second Legislature, page 260, chapter 155, operated to revive their right to review the final award of the board of November 14, 1928. This contention is overruled. The amended act became effective after the rights of the accident corporation had vested under the original act, and the amendment cannot be given application so as to destroy a vested right.

Section 4a of article 8307, R. C. S. 1925, in effect provides, among other things, that all claims for compensation for the death of an employee shall be made to the board within six months after such death. It is then provided that the board for good cause may, in meritorious cases, waive a strict compliance with such limitation. The statement we have made shows that even if we consider the claim filed with the board on March 28, 1929, as a different and independent claim from the one passed on by the board in its order of November 14, 1928, which we do not, still the claim of March 28, 1929, was filed more than six months after Frank Pruitt's death. The Court of Civil Appeals holds that claimants were entitled to a trial in the district court on the question as to whether good cause existed excusing the filing of the claim for compensation within six months as provided by the above statute. The pleadings of the claimants in the district court are very long and complicated, comprising some sixteen pages of the transcript. We have carefully read and considered such proceedings and are forced to the conclusion that they do not allege any "good cause" for not filing the claim of March 28, 1929, at an earlier date. In fact, the claim itself, as filed, which claim is pleaded, states upon its face that the very matter of the death of Frank Pruitt on account of the Jefferson accident had been brought to the attention of the board by affidavits filed by claimants on January 29, 1929.

It is correct to say that the question as to whether good cause exists for not filing the claim within six months as provided in section 4a of article 8307, supra, is ordinarily a question of fact, but it is a question of pleading also, and no question of fact in regard to such matter is presented unless it is first pleaded. Certainly if the pleadings show on their face that good cause did not exist up to the making of the claim no issue in such regard is presented. We think the pleadings of the claimants show on their face that no good cause existed for not filing the claim sooner.

Finally, it is settled that a claimant for compensation who fails to file his claim with the board within the statutory period of six months must show good cause for such failure up to the time of filing the claim, and not merely good cause during the first six months. Holloway v. Texas Indemnity Co. (Tex. Com. App.) 40 S.W.(2d) 75. We find nothing in the claimants' pleadings which meets this rule.

We recommend that the judgment of the Court of Civil Appeals be reversed and set aside, and that the judgment of the district court be in all things affirmed.

CURETON, Chief Justice.

Judgment of the Court of Civil Appeals is reversed, and the judgment of the district court affirmed.