**CONSOLIDATED UNDERWRITERS v. BEETTNER.**

No. 3134.

Court of Civil Appeals of Texas. Beaumont.

May 27, 1937.

C. A. Lord, of Beaumont, for appellant.

D. F. Sanders, of Beaumont, for appellee.

COMBS, Justice.

This is a compensation case. Plaintiff alleged that on November 15, 1934, while in the course of his employment as an employee of the Gulf Coast Machine & Supply Company, for which the appellee was the insurance carrier, and as a result of lifting a heavy piece of iron, he received a personal injury which resulted in a hernia. The usual allegations in hernia cases as to the injury being followed by immediate pain; that it did not previously exist, etc., were made. The pleadings further show that he filed no claim until the 17th day of December, 1935, more than a year after the date of the alleged injury. He alleged as good cause for his failure to file his claim sooner that: "(b) The plaintiff would further represent to the court, that at the time he sustained his injury, even though it pained him after the physician had put a truss on the hernia, plaintiff did not know the extent of his injury, and did not know that it would result in incapacity in the future, but believed that the same would improve gradually, and would eventually be healed and he would become cured without having to cease his duties at the plant and the physician who treated this plaintiff for his injury at the time he sustained the same, informed him that he would gradually improve and would be cured of his injury in the future without the necessity of stopping his work and duties with his em-

ployer and he believed the same, and instead of getting better and healing, his injury became worse, until he became totally and permanently disabled and this plaintiff alleges this to be good cause for his failure to file his claim for compensation until the month of December, 1935."

He also alleged that the insurance company had refused to have an operation performed and pleaded his willingness to have one, but there was no allegation that any order had ever been sought from the Industrial Accident Board for an operation.

His testimony was to the effect that after the injury Dr. Hammond fitted him with a truss and that he was informed by the doctor and believed that the hernia would heal and that such belief was his reason for not sooner filing his claim. The trial to a jury resulted in a verdict in his favor upon which judgment was entered by the trial court for compensation payments for total and permanent disability for a period of 401 weeks, from which judgment the insurance company has appealed.

## Opinion.

 We sustain appellant's contention that plaintiff did not plead or prove good cause for his failure to file his claim within the time prescribed by statute. The injury sued upon, if it in fact occurred as alleged, resulted in hernia immediately, a form of injury which entitled him to make claim for insurance benefits regardless of whether or not it produced incapacity. Vernon's Ann. Civil Statutes, art. 8306, § 12b.

Appellant contends that a compensation claimant's belief that his hernia will heal without an operation and without incapacity resulting cannot, as a matter of law, constitute good cause for his failure to file his claim within the statutory period. It is not necessary to decide the general rule. Here the filing of the claim was delayed more than one year after the alleged injury and there was no attempt to show that plaintiff did not know long before the filing of the claim that the hernia

would not heal without an operation. On the contrary he pleaded as shown by the excerpt from his pleading quoted above, and his testimony tended to show that the injury, instead of improving, became worse.

It seems to be the settled rule in this state that in order for a compensation claimant to excuse the late filing of his claim it is necessary to show that the "good cause" existed up to the filing of the claim. Ocean Accident & Guaranty Corp. v. Pruitt (Tex.Com.App.) 58 S.W.(2d) 41. On the record before us it appears that no such showing can be made.

In view of the above holding it is not necessary for us to discuss or pass upon the other assignments presented by the appellant. We will, however, say in passing that the evidence tends strongly to show, if in fact it does not overwhelmingly establish, that the hernia existed before the alleged injury. It is not disputed that the plaintiff had formerly had hernia and had had an operation for it in 1932. The foreman of the machinery company for which he worked testified that he had hernia when he began work for the company in 1934. Dr. Hammond, who incidentally did not represent the insurance company, produced his books at the trial to show that he had fitted the plaintiff with a truss about a month before the date of the alleged injury, and Dr. Hammond testified that the plaintiff was suffering with hernia at that time. He further testified that plaintiff, Beettner, told him that his former operation for hernia had not been successful. He further testified that his examination showed that it had not been. It is not unreasonable to conclude that plaintiff's delay in filing claim may have been due, in large measure at least, to a belief that he did not have a compensable injury.

It is our conclusion that the judgment of the trial court awarding compensation to the appellee should be reversed and here rendered for the appellant, and it is so ordered.

Reversed, and rendered.