Leo MOORE, Appellant,

v.

LUMBERMEN'S MUTUAL CASUALTY COMPANY, Appellee.

No. 8590.

Court of Civil Appeals of Texas, Amarillo.

Feb. 9, 1976.

Rehearing Denied Feb. 23, 1976.

Tom Upchurch, John L. Lesly, Amarillo, for appellant.

Culton, Morgan, Britain & White, Jess C. Dickie, Amarillo, for appellee.

ELLIS, Chief Justice.

This is an appeal brought by Leo Moore, defendant-appellant, from a summary judgment rendered in favor of Lumbermen's Mutual Casualty Company, plaintiff-appellee, declaring that appellee was not liable, under the terms of a compromise settlement agreement entered into by the parties, for any future hospital and other medical expenses except for those authorized and performed by certain physicians named in the compromise settlement agreement. Affirmed.

Appellant was injured on June 7, 1972. He filed a claim for workmen's compensation benefits, and on December 7, 1972, appellant and appellee entered into a compromise settlement agreement. The agreement disposed of any and all claims which appellant had as a result of the injuries he sustained on the occasion in question. Appellant received in settlement of his claim $8,750 in addition to $1,218 received by appellant prior to the execution of the agreement. The agreement provided for the payment by appellee of all future hospital and medical expenses resulting from appellant's injury for a period ending thirty-six months after the date of the agreement "limited to Drs. M. M. Stephens, Jr. C. J. Batson, Norton Bicoll, Hugh B. Currie and William Klingensmith, but excluding any psychiatric care." The compromise settlement agreement was approved by the Industrial Accident Board on December 20, 1972.

Approximately two months after execution of the agreement, a claims adjusting agent for appellee received bills for treatment and services from various doctors, pharmacies, and a hospital for expenses incurred subsequent to the execution and approval of the compromise and settlement. The bills were for medical treatment rendered by physicians other than those designated in the agreement and for medicines prescribed and certain medical and hospitalization services related to such treatment.

One of the physicians named in the agreement had referred the employee to two physicians not named in the agreement. The claims adjuster refused to approve payment of the claims asserting that they represented unauthorized expenses under the terms of the agreement.

Appellee filed this suit for declaratory judgment for determination of the question of appellee's liability for the expenses incurred and as to its future liability for medical expenses under the terms of the agreement. Appellant answered and counterclaimed, thereby joining issue with appellee on the matter of the coverage as provided under the compromise settlement agreement. Thus, the jurisdiction of the trial court was invoked to determine the extent of the future medical benefits provided under the terms of the agreement.

Both parties filed motions for summary judgment, and appellee's motion was granted. Judgment was rendered for appellee, and a take-nothing judgment was rendered against appellant on his counterclaim. Further, under the judgment, the appellee is neither liable for any future medical expenses except for medical services performed by the five doctors named in the agreement, nor for any future hospital expenses except those authorized by such five named doctors.

Appellant contends in two points of error that as a matter of law appellee is liable for expenses arising from medical treatment furnished and hospital care and drugs prescribed by any physician to which appellant was referred by any of the physicians named in the compromise settlement agreement.

Appellant contends that the purpose, spirit and intent of Tex.Rev.Civ.Stat.Ann. art. 8306 § 7 were incorporated by reference into the agreement. Art. 8306 § 7, in December, 1972, provided in substance that the insurance carrier shall furnish such medicines and medical care as may reasonably be required to cure and relieve at any time after the time of the injury. Art. 8307 § 12 provides: "[w]here the liability of the association [insurer] or the extent of the injury of the employee is uncertain, indefinite or incapable of being satisfactorily established, the board may approve any compromise, . . . settlement or commutation thereof made between the parties."

It is well established that a compromise settlement agreement, when approved by the Board, is binding upon the parties to it unless and until the agreement is lawfully set aside. *Lowry v. Anderson-Berney Bldg. Co.,* 139 Tex. 29, 161 S.W.2d 459 (1942); *Davis v. Commercial Standard Ins. Co.,* 194 S.W.2d 599 (Tex.Civ.App.–Dallas 1946, writ ref'd n. r. e.). Also, see *Pearce v. Texas Employers Insurance Association,* 403 S.W.2d 493 (Tex.Civ.App.–Dallas 1966), writ ref'd n. r. e. per curiam, 412 S.W.2d 647 (Tex.1967). Art. 8306 § 7, providing the broad medical services and implemented by art. 8307 § 5 (which has reference only to awards of the Board and judgments of a court) has no application to a compromise settlement agreement approved by the Board. *Pearce v. Texas Employers Insurance Association,* supra. In the light of the foregoing authorities, it is apparent that when the employee enters into a compromise settlement agreement with the insurer regarding future medical benefits the employee's benefits are measured by and limited to the specific terms of the agreement as approved by the Board.

In view of the foregoing, it is our opinion that the agreement in the instant case precludes the liability of appellee for the expenses incurred as a result of the referrals. By naming the physicians whose care and treatment was authorized, the agreement impliedly excluded physicians not named in the agreement, especially in view of the use of the words "limited to."

*Tower Corporation v. Morris,* 153 S.W.2d 654 (Tex.Civ.App.–Dallas 1941, writ ref'd w. o. m.). We find no provision in the compromise and settlement agreement authorizing "referrals" at carrier's expense. Appellant's points of error are overruled.

For the reasons above stated the judgment of the trial court is affirmed.