Billie Sue **GAYLER**, Appellant,

v.

Donald Eugene **RENFRO**, Appellee.

No. 8924.

Court of Civil Appeals of Texas, Amarillo.

Jan. 24, 1979.

Miller & Miller (John H. Tull, Jr.), Amarillo, for appellant.

Fitzjarrald & Poole (J. O. Fitzjarrald), Amarillo, for appellee.

ROBINSON, Chief Justice.

Plaintiff, Billie Sue Gayler, instituted suit to set aside a ruling of the Industrial Accident Board awarding death benefits under the Workers' Compensation Act for the death of her son, Donald David Gayler. One-half of the total benefits was awarded to plaintiff Billie Sue Gayler; the remaining half was awarded to Donald Eugene Renfro, the deceased's father. Plaintiff sought recovery of the one-half benefits awarded the father. The trial court, in an interpleader suit by the insurance carrier, entered judgment that plaintiff take nothing and the father recover his one-half benefits. Plaintiff appeals. Affirmed.

The evidence was stipulated to by the parties. The natural parents of the deceased are plaintiff, Billie Sue Gayler, and Donald Eugene Renfro. (Donald Eugene Renfro is defendant in interpleader and will be referred to in this opinion as defendant.) Plaintiff and defendant were divorced in 1953. Deceased did not see his father after the age of seven years. Deceased had never married.

Deceased was killed on February 26, 1976. On April 26, 1976, the first claim for workers' compensation benefits was filed. This claim listed only Billie Sue Gayler under "names and addresses of beneficiaries." The final paragraph of the claim contained the recitation: "This claim for compensation, with respect to such injury and because of the death of the deceased, is made in behalf of and for each and all of the legal Beneficiaries of the deceased, as well as by and for the undersigned, he herein acting for himself and such legal Beneficiaries."

It is stipulated that the claim was settled by a compromise settlement agreement. At the first pre-hearing conference on July 11, 1976, one-half of the total death benefits was awarded to plaintiff pursuant to the agreement. Above the endorsement on the check issued by the insurance company to plaintiff as payment under the settlement agreement was written: "Endorsement of this draft by the parties below does not waive any portion of any benefits as yet unpaid, if any, relating to said claim."

On July 30, 1976, plaintiff filed the second claim for workers' compensation benefits. This claim listed Billie Sue Gayler and Donald Eugene Renfro as beneficiaries, but recited that it was filed only on behalf of Billie Sue Gayler. On January 28, 1977, the second pre-hearing conference was held and the Board ordered one-half of the total benefits be paid to Donald Eugene Renfro. This order was made final at the formal hearing.

Plaintiff gave notice that she would not abide by the ruling of the Board, and filed suit against the insurance carrier to recover the one-half benefits ordered paid to defendant. The insurance carrier, the original defendant, filed an interpleader action and tendered the one-half of the benefits still in question into the registry of the court. Judgment was rendered for the insurance company on its interpleader suit. No complaint is made of that action. Plaintiff appeals from the portion of the judgment finding that defendant was the proper beneficiary of the disputed one-half of the benefits.

Plaintiff contends that Donald Eugene Renfro failed to file a claim with the Industrial Accident Board within the required time. The workers' compensation statute requires that, where injury resulted in death of the employee, a claim for compensation must be filed by his beneficiaries within six months after his death. Tex. Rev.Civ.Stat.Ann. art. 8307, § 4a (Vernon 1967).

A claim for compensation filed with the Industrial Accident Board, in the form prescribed by law, gives the Board full jurisdiction to determine all issues of fact and law arising on the claim and brings before the Board all statutory claimants. *Commercial Standard Ins. Co. v. Austin*, 128 S.W.2d 836, 838 (Tex.Civ.App.-Beaumont 1939, writ dism'd judgmt cor.); *Traders & General Ins. Co. v. Boysen*, 123 S.W.2d 1016, 1027 (Tex.Civ.App.-Beaumont 1939, writ dism'd judgmt cor.). The statute does not require that each beneficiary file a claim; a claim filed by one beneficiary on behalf of himself and other beneficiaries is sufficient to invoke the jurisdiction of the Board. *Pruitte v. Ocean Accident & Guarantee Corp.*, 40 S.W.2d 254, 258 (Tex.Civ.App.-Texarkana), *rev'd on other grounds*, 58 S.W.2d 41 (Tex.Comm'n App.1933).

The Board acquires jurisdiction over a beneficiary when two factors are satisfied: (1) knowledge by the Board of the beneficiary's existence, and (2) a timely claim filed on behalf of that beneficiary or on behalf of all beneficiaries. *See Texas Employers' Ins. Ass'n v. Williams*, 57 S.W.2d 218 (Tex.Civ.App.-Dallas 1933, no writ); *Traders & General Ins. Co. v. Boysen, supra; Federal Underwriters Exchange v. Walker*, 134 S.W.2d 388 (Tex.Civ.App.-Austin 1939, writ dism'd by agr.). *See also Security Union Ins. Co. v. Reed*, 42 S.W.2d 494 (Tex.Civ.App.-Beaumont 1933, no writ); *Consolidated Underwriters v. Adams*, 140 S.W.2d 221 (Tex.Civ.App.-Texarkana 1940, writ dism'd judgmt cor.).

In the case at bar the first claim was tendered on behalf of all the beneficiaries, the second informed the Board who the beneficiaries were. The jurisdictional requirements were satisfied.

We overrule plaintiff's next contention that there is no evidence to support a finding that the defendant is entitled to one-half of the death benefits. Death benefits, under the workers' compensation statute, are paid to parents without regard to the question of dependency. Tex.Rev.Civ. Stat.Ann. art. 8306, § 8a (Vernon Supp. 1978–1979). It is undisputed that Donald Eugene Renfro was the natural father of deceased.

There is another reason why plaintiff cannot recover. The execution, filing, and approval of the compromise agreement between plaintiff and Twin City Fire Insurance Company bars further recovery by her. It is well established that a compromise settlement agreement, when approved by the Board, is binding upon the parties to it unless and until the agreement is lawfully set aside. *Moore v. Lumbermen's Mutual Casualty Co.*, 533 S.W.2d 171, 173 (Tex.Civ.

App.-Amarillo 1976, writ ref'd n. r. e.). The bar arose at the time the compromise was approved; therefore, we overrule the plaintiff's contention that the language written above her endorsement on the check pursuant to the settlement prevented the settlement from being a bar to future recovery.

The foregoing holdings are dispositive of this appeal. We do not reach plaintiff's remaining points of error. The judgment of the trial court is affirmed.