**Albert Wayne PRUITT, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,**
**Appellee.**

**No. 18516.**

Court of Appeals of Texas,
Fort Worth.

Dec. 17, 1981.

Robert J. Wilson, Burleson, for appellant.

Strasburger & Price and Valli Jo Long, Dallas, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

MASSEY, Chief Justice.

Albert Wayne Pruitt claimed to have sustained injury in September of 1975 under circumstances entitling him to benefits under the Texas Workers' Compensation Act, (V.A.T.S. art. 8306, et seq.) from Allstate Insurance Company, the insurer of his employer.

There was a great delay by Pruitt in filing any claim for compensation benefits, though he contends the delay was justified and that there was good cause therefor. On hearing the Industrial Accident Board denied his claim, and following such order Pruitt timely filed his notice that he would not abide by said ruling and decision. However, Pruitt did not timely file suit to set aside the Board's award and to obtain the benefits to which he claimed entitlement. His suit in a District Court of Tarrant County was filed May 9th, 1978, two (2) days beyond and after the twentieth day following that on which he had filed his aforementioned notice with the Board. (Art. 8307, sec. 5.) Hence the trial court did not become vested with jurisdiction of the appeal from the award of the Board, and lacked power to act other than to dismiss Pruitt's suit. The insurance company filed a plea to the jurisdiction and motion to dismiss, following hearing on which the court did dismiss the case by order dated November 13, 1980. Therefrom Pruitt has appealed.

We affirm.

Apparent by the Pruitt brief is his contention that the case extant, as it reached this court on his appeal, was not a case under the Workers' Compensation Act, but rather and instead a case by which he is entitled to claim common law damages based upon the fraud of the insurance company because of action which induced him to delay filing his claim for compensation. Pruitt's statement of his sole point of error reads: "The trial court erred in dismissing appellant's cause of action for misrepresentations alleged against appellee in his supplemental petition."

Reverting to the transcript filed (and never moved to be amended) no supplemental petition appears therein. Pruitt's direction to the clerk of the court read as follows: "ALBERT WAYNE PRUITT . . . pursuant to the provisions of Rule 376 of the Texas Rules of Civil Procedure, hereby requests and directs you to prepare a true

copy of the proceedings in the trial court on this cause for use in said appeal. Appellant requests and directs that such transcript contain all matters specified by Rule 376 of the Rules of Civil Procedure." Date of the request was prior to January 1, 1981. There is no question but that the burden to have a proper transcript filed was cast upon Pruitt by provision of Rule 376 (prior to January 1, 1981) that "The clerk of the trial court, under written direction of appellant shall prepare under his hand and seal of the court for transmission to the appellate court a true copy of the proceedings in the trial court, and, unless otherwise designated by agreement of the parties, shall. include the following: ... (directions for instruments to be included, immaterial for instant purposes)."

Informative, though not conclusive because there is no actual propriety that correspondence be made any part of the transcript and it is without any controlling effect upon the disposition to be made, are letters which were included in the transcript at the direction of the insurance company.

FIRST LETTER (dated October 31, 1980); from insurance company's counsel to Pruitt's counsel:

"At the scheduled hearing of October 31, 1980 on Defendant's Plea to the Jurisdiction and Motion to Dismiss, Judge Jordan instructed me to advise you that you have until November 13, 1980 to submit any written response ... in opposition .... After that date the Court will make its ruling."

SECOND LETTER (dated November 12, 1980); from Pruitt's counsel to the judge of the court:

"Please find enclosed for filing our Supplemental Petition which should make Mr. Bishop's Motion to Dismiss a moot issue.

"Please return a file-marked copy to our office."

THIRD LETTER (dated November 13, 1980 —same date as that court dismissed the suit); from insurance company's counsel to the judge of the trial court:

"I have received a copy of Mr. Wilson's November 12, 1980 letter to you along with 'Plaintiff's Supplemental Petition'.

"This is a workers' compensation case.... A hearing on Defendant's Plea and Motion was set for October 31, 1980, and the Plaintiff's attorney was notified of this hearing by letter dated October 8, 1980 ....

"The Plaintiff's attorney failed to appear for the October 31, 1980 hearing, claiming that he had a conflicting engagement .... the Court have Plaintiff's counsel ten days to submit a *Response* .... The Plaintiff has not submitted a Response. Instead, he seeks to file a totally new and different lawsuit (which on its face is barred by limitations). The Plaintiff's attempt to amend his pleadings after the Court has taken under advisement a Motion which disposes of the entire case is like attempting to amend pleadings after the jury has retired to deliberate. The Defendant's Motion is good, and it should be granted. If Plaintiff desires to file a new lawsuit, he should be required to follow the same steps that any other litigant has to follow, namely, paying a filing fee, having Citation issued, and obtaining service upon the Defendant."

Moving back to "square one": By force of law and the Rules of Civil Procedure Pruitt is presumed to have had timely notice of the dismissal of the case; yet he filed nothing with the court after that had been done within the thirty day period in which plenary power of the court persisted and when it could have entertained a motion of some kind by Pruitt relative to the amendment of pleadings, and on which (in the event such had been filed) Pruitt would have been able to make and perfect a bill of exceptions. Rather did Pruitt allow the order of dismissal to become final.

■ Upon these circumstances Pruitt must be held to have waived any right to perfect an appellate record by which he could complain of dismissal of "appellant's cause of action for misrepresentations al-

leged against Appellee in his (Pruitt's) Supplemental Petition." Pruitt is without standing to found a point of error on admission or denial of a claimed pleading which presumably (the clerk and court is presumed to have faithfully discharged all duties relative to a proper appellate record) was never filed or tendered to be filed (despite that indicated by the correspondence we have noticed and copied in this opinion) whether or not admissible and proper to be considered under the same number and style as *the case on appeal from the Industrial Accident Board*. In any event the point of error advanced by Pruitt is overruled.

The insurance company has rather exhaustively briefed questions falling both within and without those posed by the instant appeal. It has, however, overlooked the case of *Coffey v. Management Co. of Texas*, 121 S.W.2d 377 (Tex.Civ.App.—Fort Worth 1938, writ ref'd). There, while his live workers' compensation claim (previously filed) for injury persisted before the Industrial Accident Board he filed a suit for damages for fraudulent conspiracy as a tort against the compensation insurer, the injured party's employer, and three other defendants based upon the false representation of the insurer made to plaintiff that it did not carry the employer's workers' compensation insurance. At the time suit was filed plaintiff had received the Board's notification that there was no record of a policy for the employer in effect as of the time of plaintiff's injury. Plaintiff sought to prosecute the common law suit without withdrawing his claim for compensation even after discovery that there was in fact an applicable policy of insurance affording him compensation under the Workers' Compensation Act. The court, while noting that there was a want of evidence tending to support plaintiff's allegations of fraudulent conspiracy at a hearing held on the defendant's motion to dismiss the suit at common law, held that plaintiff was relegated solely to her compensation claim (the implication being that she was put to an election and had elected because of inconsistency in remedies).

At page 380 of the opinion it was written: "In *Ocean Accident and Guarantee Co. v. Pruitt*, Tex.Com.App., 58 S.W.2d 41, in opinion written by Judge Critz, this is said (page 45): 'It is further the rule that the final award of the board unappealed is entitled to the same faith and credit as a judgment of the court. There is therefore no escape from the conclusion that the award of November 14, 1928, made by the Accident Board denying these claimants compensation from this insurer on account of the death of Frank Pruitt was and is res judicata of this entire suit.'"

It follows, therefore, that the Pruitt in the instant case, having failed to timely perfect an appeal from the ruling and order of the Industrial Accident Board has made of it a final ruling and order, which, under the authority cited, undoubtedly thereby become res judicata of the suit at common law which apparently was desired to be declared upon by him.

Judgment of dismissal is affirmed.