## GUFFEY v. COLLIER.

### No. 2593.

Court of Civil Appeals of Texas. Eastland.

June 13, 1947.

Rehearing Denied July 11, 1947.

Scarborough, Yates, Scarborough & Black, of Abilene, for appellant.

McMahon, Springer & Smart, of Abilene, for appellee.

GRAY, Justice.

Appellee Collier sued appellant Guffey for $1400 alleged to be due appellee by appellant for architect's fees incident to preparing plans and specifications for a business structure in Abilene, Taylor County, Texas, said building to be of two stories and basement and to cost an estimated sum of $60,000.

Appellee pleaded in two counts, the first declaring on a contract between the parties by which appellee was to be paid one per cent of estimated cost amounting to $600, for preliminary plans and two per cent additional for completed plans, or $1800 total. He further alleged that appellant breached said contract before its completion and ordered appellee to discontinue his work on said plans and specifications, which could have been completed at a cost of not more than $400. He, therefore, prayed for judgment for $1400. In the second count, appellee pleaded that in the alternative and in the event, and only in the event, he was not allowed a recovery on his first count, then he was entitled to recover the reasonable value of the services rendered, which he alleged to be $1400, and prayed for judgment for said amount.

In his defensive pleadings, appellant admitted employing appellee to prepare said plans and specifications; that said agreement was made on March 13, 1946; that appellee was to complete and deliver same in time to get bids and complete said building before January 1, 1947; specifically that said plans and specifications were to be delivered to appellant by August 1, 1946; that appellee never delivered to appellant complete plans and specifications, but after September 1, 1946, appellee did tender to him some preliminary drawings, which were not plans and specifications and of no value to appellant; that by reason thereof it was too late to complete said plans and specifications, secure bids and to construct said building by January 1, 1947. Appellant further pleaded that time was of the essence of the contract, in that he desired to release the property he was then occupying by said date. Appellant denied that he owed appellee anything, but if liable for any amount,

it would not exceed $600 for the preliminary plans.

At the conclusion of the evidence the defendant filed his motion for an instructed verdict, setting out grounds therefor, which motion was overruled. The case was submitted on special issues, which were answered favorably to plaintiff, whereupon the court rendered judgment for plaintiff for $1400.

In said motion for a directed verdict, one of the grounds urged therefor was the following: "The defendant asks the court to instruct the jury to return a verdict for the defendant on the ground that the plaintiff is not a competent party plaintiff in this case, and that under the law he is not entitled to recover herein in any sum, for the reason that he is not qualified to prosecute this suit, as shown by the pleadings and the evidence." The point was brought forward in the motion for new trial and is urged in this appeal.

 In his petition, plaintiff (appellee) alleged: "That the plaintiff is a duly qualified architect of skill and experience practicing his profession in Abilene, Texas," but did not plead that he had an architect's license. On direct examination, plaintiff testified that he was a graduate of Texas A. & M. College, receiving a B. S. degree in Architecture from said college in 1931, and had "practically" been engaged in various phases of architectural work since said date. Questioned further as to such employment in Abilene, defendant objected to same as immaterial and irrelevant, which objection was overruled and exception taken. In the discussion of this matter, counsel for defendant (appellant) said: "There is not any question raised here as to his competency." Also, "I will admit that as far as any attack that we are making, Your Honor, is not on his qualifications." No exception to the pleading raising the question was filed. Appellee contends that the point was waived by reason of appellant's counsel admitting in open court that he was not challenging plaintiff's qualifications, and by virtue of Rules 90, 91, 94 and 268, Texas Rules of Civil Procedure. Rule 90 abolished the general

**814**

demurrer, and provides that, "every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing \* \* \* before the instruction or charge to the jury \* \* \* shall be deemed to have been waived." Rule 91 prescribes the particularity with which such defect, omission or fault shall be pointed out. Rule 94 relates to pleading of affirmative defenses, and Rule 268 is as follows: "A motion for directed verdict shall state the specific grounds therefor." While, as stated, no exception was leveled against the petition, we think that a motion raising the point must be equally specific and apprise the court as to the exact objection raised. It will be noted that neither in the motion for directed verdict nor in the motion for new trial was the specific question, whether or not plaintiff had an architect's license, brought to the attention of the court. Under the rules, generalities are not sufficient. The motion should have advised the court in plain and unmistakable language in what particular the plaintiff was not a competent plaintiff and not qualified to prosecute the suit. We overrule the point. Lobstein v. Watson, Tex.Civ.App., 186 S.W.2d 999; Shotwell v. Phillips, Tex.Civ.App., 180 S.W.2d 223.

■ Appellant objected to practically all of the fifteen special issues submitted to the jury. For brevity, and in view of the fact that the judgment evidently was for damages for breach of contract pleaded in the first count of the petition, we shall not attempt a detailed discussion of all of said issues and the objections thereto. However, we are of the opinion that the trial court fairly submitted the issues raised by the pleadings and the evidence. Appellant objected to the submission of certain issues on the ground that the facts involved had been admitted, and that their submission was prejudicial to him. We recognize the rule that only controversial issues should be submitted, but we fail to see reversible error in this instance. The facts involved were pertinent and controlling and must have been found either by the jury or the court. The jury answers to same were identical with the admissions, and so no prejudicial error was committed.

■ In response to Special Issues Nos. 1, 2, 3 and 4, the jury found: (a) the fact of employment of appellee to prepare plans and specifications for a business structure to consist of a basement, first and second floors; (b) payment therefor was to be on a percentage basis of the estimated cost of the building; (c) such percentage was to be one percent for preliminary plans; and (d) three percent for completed plans and specifications. Said issues were pertinent to the first count of the petition. Special Issues 5 and 6 inquired as to customary fees for such services in said locality, the answers being the same as agreed upon, and were pertinent to the count of quantum meruit. In answer to Special Issue No. 7, the jury found the estimated cost of said proposed building at the time said agreement was made to be $60,000. In answer to Special Issue No. 14, the jury found that plaintiff furnished preliminary plans, and in answer to Special Issue No. 9, that it would have cost appellee $400 to have completed the plans and specifications. In answer to Special Issue No. 10, the jury found that plaintiff (appellee) did not agree to furnish such plans and specifications in time that a contract could be let and said building completed and ready for occupancy before January 1, 1947. We think that the above findings of the jury form a sufficient basis for the judgment rendered.

■ The measure of damages for breach of the contract was correctly pleaded by appellee. In 13 Tex.Jur. Page 84, the rule is stated to be: "In the awarding of damages for the breach of a contract, where there is no element of fraud, willful negligence or malice, the rule to be followed is that which affords to the injured party compensation for the pecuniary loss suffered by him, placing him as nearly as possible in the position that he would have occupied if the defaulting party had performed the contract," citing many authorities. See also 25 C.J.S., Damages, § 78, page 578. Said measure of damages was applied in the judgment. Full compensation for complete plans and specifications would have been $1800. Under the jury finding that it would have cost appellee $400 to complete them, the judgment for $1400 was in accord with the jury findings.

We deem is unnecessary to discuss all of the many questions raised. They have had careful consideration and all points not herein discussed, are overruled.

The judgment of the trial court is affirmed.

LONG, Associate Justice, took no part in the decision of this case.