## POPE et al. v. JACKSON.

### No. 14938.

Court of Civil Appeals of Texas.
Fort Worth.

May 21, 1948.

Rehearing Denied June 18, 1948.

Cantey, Hanger, McKnight & Johnson, J. Kirby Smith and J. A. Gooch, all of Fort Worth, for appellant, Tommie Potter Pope.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant, Austin Road Co.

S. A. Crowley, Paul J. McClung and Joe Spurlock, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

At the time of the accident here involved Austin Road Company had the general contract to pave a street in the City of Fort Worth. Austin Road Company was doing a part of the work, but had sublet parts of the work to others. Jim L. Stephens, one of the subcontractors, was constructing the curb and gutter along the west side of the street, and Tommie Potter Pope, another subcontractor, was hauling materials in a motor truck to a large concrete mixing machine operated by Austin Road Company. The concrete mixing machine was then located at the north end of the block being paved. Stephens and his employees were working on the curb and gutter along the west side of the street at a point some two hundred feet south of the concrete mixer. Under the instructions of Austin Road Company, Pope and other persons hauling materials to the concrete mixer would drive their trucks backwards from the south end of the block in a northerly direction to the concrete mixer, where they would dump their loads into the mixer, and then would drive forward along the same route until they had left the block in question. While backing along the street in question with a load of material for the concrete mixer, Pope ran his truck against the plaintiff while the latter was pushing a wheelbarrow along the west side of the street, causing him serious personal injuries. The east side of the street was closed to all traffic, the result being that Stephens' employees had to work in the west side of the street, and Pope and the other truckers had to drive their trucks along the west side of the street.

Jackson sued Pope, and Pope in turn filed a cross action against Austin Road Company, praying for judgment over for any sum that might be assessed against Pope in favor of the plaintiff Jackson. There is an intervention by a carrier of compensation insurance, but no party appears to challenge its right to a portion of the recovery.

The findings of the jury are to the following effect: (1) Pope failed to keep a proper lookout, which (2) was a proximate cause of the collision. (3) Pope was operating his truck in the west lane of the west side of the street, which (4) was negligence and (5) a proximate cause of the collision. (6) Pope failed to sound his horn as a warning, which (7) was negligence and (8) a proximate cause, etc. (9) and (10) Jackson received personal injuries for which the sum of $10,000 would be fair compensation. (11) to (15) Plaintiff Jackson was not negligent in the respects inquired about in such issues. (16) Austin

Road Company failed to maintain a watchman in the vicinity in question, which was negligence. Such negligence was a proximate but not the sole proximate cause of the collision. The collision was not the result of an unavoidable accident.

Judgment was rendered on the verdict in favor of Jackson against Pope, and in favor of Pope on his plea over against Austin Road Company for the full amount of the judgment recovered by Jackson against Pope.

Both Pope and Austin Road Company have appealed.

Austin Road Company argues that as a matter of law it was not guilty of any actionable negligence toward the plaintiff Jackson; and also that if there was any negligence on its part that the same was only of a passive nature, and that Pope was guilty of active negligence which cut off any right to contribution from Austin Road Company. Pope argues that Austin Road Company, as the general contractor, was in full charge of the work being done at the scene of the accident; that it knew that Stephens' employees were working along the street at the same point where the trucks were required to back a long distance to the concrete mixer; that the movements of the subcontractors and their employees were directed by Austin Road Company; that many persons were working in a small area, where there was a large amount of noise and activity; that the general contractor under the circumstances owed a non-delegable duty to all persons working in the area to provide a safe place for them to work; that it knew that the only way Pope could see out of his truck as he backed along the street was to lean out of the truck on the left side, and that in such position Pope could not obtain a view of all the persons working in the street; that Austin Road Company should have provided a watchman to direct Pope and the other truckers and to watch out for the safety of the persons working in the street; and that under such circumstances Austin Road Company should be held as the person directly responsible for the injuries suffered by the plaintiff.

The general rules governing the right to contribution among joint tortfeasors, both at common law and under the provisions of Article 2212, Revised Civil Statutes, are fully discussed in the cases herein cited. It is sufficient here to say that under the common law the general rule is that there is no right of contribution between defendants who are joint wrongdoers, the general rule being subject to the exception that where some of the defendants are actively guilty of the wrong, and some are merely passively guilty, those who are merely passive have the right to require those who are active to reimburse them for any amount they may have to pay to the plaintiff. But, under the provisions of Article 2212, where two persons are both actively guilty, or both are passively guilty, of a tort which damages a third person, each under proper proceedings may be required to bear his proportionate share of the burden. Gattegno v. The Parisian, Tex. Com.App. 53 S.W.2d 1005. If the plaintiff in the kind of situation last mentioned sues only one of the wrongdoers, the latter may implead the other wrongdoer and seek contribution. Lottman v. Cuilla, Tex.Com. App., 288 S.W. 123. The common law rule prohibiting contribution among joint tortfeasors does not apply where the tortfeasors are not in pari delicto as to each other, as where there is no concerted action, or where the injury has resulted from a violation which one owes the other, or where the liability of the one who has been compelled to pay arises merely from negative acts of omission on his part and the proximate cause of the injury consists in active, positive acts on the part of the other joint tortfeasor. Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301, citing 18 C.J.S., Contribution, § 11, page 16. The law does not seem to take note of the quantity of the negligence of the different joint tortfeasors, but rather of the quality of their negligence. Id. Where the injury forming the basis for the judgment in favor of the injured person results from a violation of duty which one of the joint tortfeasors owes to the other, the latter, at common law, is entitled to contribution. Id. Article 2212 does not apply in cases where a right of contribution would exist under

the common law, so it follows that a joint tortfeasor may not recover contribution under art. 2212 where a violation of a duty owing by him to the other tortfeasor caused the injury to the plaintiff. Id.

■ Both Austin Road Company and Pope seem to agree as to the rules of law applicable, but differ when they come to apply them to the case on appeal. Austin Road Company argues first of all that it was guilty of no actionable negligence toward the plaintiff, on the theory that the danger to plaintiff from the passing trucks was open, obvious and apparent, and that Austin Road Company owed the plaintiff no duty to protect him from such character of danger. It argues that the risk was one which the plaintiff assumed in working in a place where the dangers were open and apparent to him. We do not agree with this contention. We think that the evidence is sufficient to support the finding of the jury to the effect that it was negligence on the part of Austin Road Company not to maintain a watchman.

■ It seems clear to us that neither Austin Road Company nor Pope is entitled to contribution from the other under the general common law rule. The evidence, examined in the light most favorable to the verdict, shows a crowded situation along a narrow strip of land, less than twenty feet in width, in which men were working on the curb and gutter job, and along which trucks were going both forward and backward. Austin Road Company could reasonably have foreseen that the men at work in the street might, without negligence on their part, be struck by a truck backing toward the concrete mixer. There was sufficient evidence to justify the finding of the jury that it was negligence not to maintain a watchman to guide the trucks and to warn the workmen. The jury were asked if such negligence was the sole proximate cause of the collision, and answered that it was not. They found that Pope was negligent in the manner in which he drove the truck. With or without a watchman on duty, Pope knew that workmen were in and along the narrow portion of the street where he had to back his truck, and could reasonably have forseen that he

might strike one of the workmen if he did not exercise due care in the handling of his truck.

To us it appears that Austin Road Company and Pope were both guilty of negligence of the same quality toward the plaintiff, and that each of them also owed a duty of due care as to the other. Under such circumstances, a proper case is presented for contribution under art. 2212, but not under the common law rule. In one of its points of error Austin Road Company seeks, in the alternative, to have the recovery in favor of Pope against it reduced to half the amount recovered by the plaintiff, and we think that this point of error should be sustained.

■ Under the third point of error Austin Road Company argues that as a matter of law there was no liability on its part to Pope since it carried workmen's compensation insurance and Austin Road Company's insurer paid Jackson approximately $1,500 by way of compromise settlement, the effect of which was to discharge any possible obligation of Austin Road Company to Jackson. It argues that it cannot be held indirectly liable where it could not be held directly liable to Jackson. We overrule the point. It is undisputed that Jackson was not an employee of Austin Road Company. In the written agreement of settlement it is recited that Austin Road Company's insurer denies that Jackson was an employee of Austin Road Company. The opinion in Lowry v. Anderson-Berney Building Company, 139 Tex. 29, 161 S.W.2d 459, appears to be directly in point.

Pope complains in nine points of error of the judgment recovered by plaintiff.

We overrule Pope's first two points of error without discussing them in the belief that the contentions raised thereunder fall within the rule pronounced in Traders' & General Ins. Co. v. Carlile, 138 Tex. 523, 161 S.W.2d 484.

■ Under the third point it is argued that Pope should have had an instructed verdict on the ground that the sole liability in the case was that of Austin Road Company. By virtue of what has already been said, we overrule this contention.

Special Issue No. 1 reads as follows: "Do you find from a preponderance of the evidence that on the occasion in question the defendant Tommie Potter Pope failed to keep a proper lookout, as that term is defined herein, for plaintiff George E. Jackson?"

The court's charge contained the following definition: " 'Proper lookout' as used in this charge is meant such lookout as an ordinarily prudent person would use under the same or similar circumstances."

The second issue inquired if the failure to keep a proper lookout, if any, was a proximate cause of the collision.

Pope objected to the charge because it did not specifically inquire whether such failure to keep a proper lookout was negligence, and requested the court to submit an issue to that effect. The manner of submitting lookout employed by the trial court seems to find approval in Morton v. Jasper, Tex.Civ.App., 167 S.W.2d 541, writ dismissed for want of merit; Gillette Motor Transport Co., Inc., v. Lucas, Tex.Civ.App., 138 S.W.2d 887, writ dismissed, correct judgment; and Erwin v. Welborn, Tex. Civ.App., 207 S.W.2d 124, writ refused, n. r. e. The finding of failure to keep a proper lookout determined the issue of negligence in view of the definition of lookout contained in the charge. Dedear v. James, Tex.Civ.App., 184 S.W.2d 319, writ refused for want of merit, cited by Pope, does not conflict with the above decisions, because in the Dedear case there was a separate issue inquiring if the failure to keep a lookout was negligence, and that issue was answered in the negative. The fourth point of error, raising this question, is overruled.

The third issue inquired whether Pope was operating his truck in the west lane of the west half of the street. Under the fifth point of error Pope argues that this issue was not supported by plaintiff's pleadings. We have examined the pleadings, and consider that they do raise the issue thus submitted.

■ The sixth special issue inquired if Pope sounded his horn. Pope assigns error, saying that the evidence was undisputed that he did not sound his horn, and,

to quote from his sixth point of error, "therefore the submission of same constituted a comment on the evidence, in that the jury would believe that his failure so to do was negligence by the very fact of submission." We are unable to find any harmful error in the premises. Guffey v. Collier, Tex.Civ.App., 203 S.W.2d 812; Southern Underwriters v. Boswell, Tex. Civ.App., 141 S.W.2d 442, affirmed by the Supreme Court 138 Tex. 255, 158 S.W.2d 280; and Traders & General Ins. Co. v. Boyd, Tex.Civ.App., 146 S.W.2d 488, writ dismissed, correct judgment, are sufficient authority for our holding. Also, there were other findings of negligence sufficient to support the judgment.

■ Under the seventh and eighth points of error it is contended that the charge was erroneous in placing the burden of proof on Pope with respect to the issues inquiring as to the plaintiff's negligence. The burden was properly placed. Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224; Texas & N. O. R. Co. v. Blake, Tex.Civ.App., 175 S.W.2d 683, writ refused.

The ninth and last point of error reads as follows: "The court erred in failure to submit, as plead by the defendant, any issue of contributory negligence as such, as shown by Paragraphs 24, 25, 26, 27 and 28 of Defendant's Amended Motion for New Trial, which were in turn based on Paragraphs 17 and 18 of Defendant's Objections and Exceptions to the Court's Main Charge. Tr. 31-32."

■ We doubt if Pope has sufficiently complied with that portion of Rule 418(c), Texas Rules of Civil Procedure, which provides: "If complaint is made of any charge given or refused, such charge shall be set out in full." However, we have examined the transcript, and the only thing we find which appears to pertain to the above point of error is an objection to the charge which in substance called on the court to inquire if plaintiff's negligence was a proximate contributing cause, as distinguished from a proximate cause, of the collision. No authority is cited in support of the point of error, and it is our opinion that it does not present reversible error.

The judgment in favor of plaintiff against Pope is affirmed. The judgment for contribution in favor of Pope against Austin Road Company is reformed so as to award Pope recovery against Austin Road Company of one-half the amount of the judgment recovered by plaintiff against Pope. It is ordered that Pope and Austin Road Company each pay one-half the costs in the trial court and on appeal.

Judgment of the trial court reformed, and as reformed, affirmed.