**LONG v. VALLEY STEEL PROD-UCTS CO.**

No. 4683.

United States Court of Appeals
Tenth Circuit.

Oct. 21, 1953.

Rehearing Denied Nov. 23, 1953.

Louis Reilly, Kingfisher, Okl. (Reilly & Ruth, Kingfisher, Okl., were with him on the brief), for appellant.

Gus Rinehart, Oklahoma City, Okl. (Butler, Rinehart & Morrison, Oklahoma City, Okl., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

This action was instituted by Sam G. Long against Valley Steel Products Company to recover damages for personal injuries. The action was begun in the state court and was removed to the United States court on the ground of diversity of citizenship with the requisite sum in controversy. It was alleged among other things in the so-called amended petition, hereinafter referred to as the complaint, that defendant was engaged in the business of manufacturing and transporting various kinds of pipe and other products; that in the conduct of its business, defendant leased and employed dozens of trucks and truck drivers; that plaintiff owned a truck and trailer; that at Saint Louis, Missouri, plaintiff and defendant entered into a verbal agreement by the terms of which plaintiff was to transport merchandise for defendant from points of loading to points of destination at various places in the United States, Canada, and Mexico; that defendant was to compensate plaintiff for such transportation on the basis of weight and mileage; that defendant was to purchase and pay for state license tags and taxes, furnish liability and property damage insurance, pay all toll bridge and toll road fees and charges, pay all overload and overlength fees and charges, and pay all mileage fees or gasoline taxes on surplus gasoline carried from one state into another; and that plaintiff was to pay all normal operating expenses, consisting of gasoline, oil, tires, repairs, comprehensive and collision insurance, and living expenses while in transit. It was further alleged that under the agreement defendant had the right to direct plaintiff in respect to the points at which the truck would be loaded and the points to which merchandise should be transported but that plaintiff had the right to choose the route to be traveled, the times and hours he would travel and the places at which he would rest or lay-over, the right to control all other details of the transportation, and the right to take or refuse to take any trip offered him when his turn came in rotation as among the drivers for defendant. It was further alleged that under the agreement it was no part of plaintiff's duties to load or unload the truck and that there was no provision in the agreement to pay plaintiff for loading and unloading. It was further alleged in substance that after the verbal agreement had been entered into and while it was in force and effect, defendant set up certain general instructions, directions, and commands to its truck owner-drivers, including plaintiff; that such instructions, directions, and commands were in writing in the form of a circular letter, one copy of which was delivered to plaintiff; that after receiving the copy, plaintiff followed such instructions; and that such instructions included the following. "Should help not be available when you start to unload, do not take a defiant attitude with the customer, but either find help to unload your truck or unload it yourself. In either instance, you will be reimbursed. In this way we will keep our customers happy rather than disgruntled." It was further alleged that within and under his agreement with defendant and at the direction of defendant, plaintiff transported a load of steel pipe from defendant's warehouse in Houston, Texas, to the Dalehite Ranch, the consignee thereof, located about twenty miles from Pearsall, Texas; that defendant loaded the pipe on the truck; that it was improperly and negligently loaded; that while en route, the pipe shifted on the bed of the truck; that it would not have shifted if it had been properly loaded or secured on the truck; that when plaintiff arrived at the point of destination, he learned that the consignee was dissatisfied and disgruntled on account of delay in the time of arrival of the pipe and no provision had been made to unload it; that acting under and pursuant to the express directions of defendant contained in its written general instructions, directions, and commands delivered to all of its truck owner-drivers, plaintiff made arrangements with a number of laborers to unload the pipe; that only two of such laborers appeared to help in the unloading;

that with the aid of the two laborers, plaintiff undertook to unload the pipe; that such laborers negligently released or let slip their hold of a bar and lever; that upon the negligent release or slip of the hold of the bar and lever, the pipe shifted and fell; and that plaintiff sustained serious and permanent personal injuries. It was further alleged that although plaintiff himself obtained the help of such laborers, he secured them pursuant to the express instructions of the defendant to do so in such case, and they thereby became and were the servants of the defendant; that they were paid by the defendant for their services; and that plaintiff was not paid for his services in helping to unload the pipe. And it was further alleged that the accident and resulting injuries were directly and proximately caused by the negligence of defendant and the breach of defendant's duties to plaintiff, in requiring plaintiff to put himself in a position of peril in following the defendant's command, in failing to furnish plaintiff with a safe place at which to work, in failing to furnish plaintiff sufficient help or adequate tools, machines, and equipment with which to "unload it yourself", in expressly requiring plaintiff to "unload it yourself" without adequate tools, equipment, or help to do so safely, and in failing properly to load or secure such load of pipe at Houston before delivering it to plaintiff for transportation; and by the negligence of the two laborers in prematurely releasing or letting slip their hold upon the bar or lever. An amended motion to dismiss the action was filed. Two grounds of the motion were that the court had no jurisdiction of the subject matter of the action in that either the laws of Missouri or the laws of Texas were applicable to plaintiff's cause of action, if any, and that plaintiff's exclusive rights were under the Workmen's Compensation Act of one or the other of such states; and that the complaint did not state facts upon which the court could grant relief.

In a written opinion, the trial court expressed the view that it appeared from the face of the complaint that the relationship between plaintiff and defendant was both that of employer and independent contractor and of master and servant, depending upon the work being done at the stated time; that during the course of transportation, plaintiff was an independent contractor and was paid as such; that during the course of unloading the pipe at the Dalehite Ranch, the relationship of the parties was that of master and servant; that plaintiff's exclusive remedy was under the Workmen's Compensation Act of Texas, Vernon's Ann.Civ.St.Tex. art. 8306 et seq., or that of Missouri, V.A.M.S. § 287.010 et seq.; that in either event, the court had no jurisdiction; and that the motion to dismiss was sustained for lack of jurisdiction, the dismissal to be without prejudice to plaintiff's right to relief in the proper forum. Judgment was entered dismissing the action, and plaintiff appealed.

Courts have been in general accord in defining in the abstract the relationship of master and servant and that of employer and independent contractor. The crux of the common-law distinction between the two is the right of the person for whom the services are performed to control the person performing them, not only in respect to the result to be accomplished but also the means by which the result is accomplished. The relationship of master and servant exists where the employer has the right to direct and control the method and manner in which the work shall be done and the result to be accomplished, while an independent contractor is one who engages to perform services for another according to his own method and manner, free from direction and control of the employer in all matters relating to the performance of the work, except as to the result of the product. In the former, direction and control of the employer cover both method and manner of doing the work and the result produced. In the latter, direction and control are limited to the result and do not apply to the method and manner of the services rendered.

Sometimes the line of demarcation between the two becomes one of degree of the direction and control. Singer Manufacturing Co. v. Rahn, 132 U.S. 518, 10 S.Ct. 175, 33 L.Ed. 440; Casement v. Brown, 148 U.S. 615, 13 S.Ct. 672, 37 L. Ed. 582; Jones v. Goodson, 10 Cir., 121 F.2d 176; United States v. Wholesale Oil Co., 10 Cir., 154 F.2d 745. Viewed in the light of these well recognized general principles, it is clear that while plaintiff was engaged in the transportation of merchandise for defendant, the relationship between them was that of employer and independent contractor as distinguished from that of master and servant.

As between these parties, the written instructions delivered to plaintiff must be treated as a supplement to the original agreement, the original agreement relating to the transportation of merchandise and the supplement to the unloading of merchandise under exceptional circumstances. A critical examination of the pivotal provision contained in the instructions makes it plain that under the circumstances presenting themselves when plaintiff reached the point of destination of the load of pipe, he was directed either to unload the pipe himself or find help to unload it, and that in either event he would be reimbursed therefor. But the instructions did not go further. They did not purport to give directions in respect to whether help was needed, in respect to the number of persons to be employed, in respect to the amount to be paid the persons, or in respect to the manner in which the unloading should be done. All of those matters were committed to plaintiff. It was fairly implied that he was to determine whether he should unload the pipe himself, determine whether help was needed, determine the amount of help needed, if any, select the persons to help in the unloading, determine the amount to be paid them, pay them, and otherwise control the method and manner in which the unloading should be done; and after the job was finished, he would be repaid for any outlay. Defendant was not to direct or control any of those features or parts of the services. While it was alleged in the complaint that although plaintiff obtained the help of the two laborers, they were employed pursuant to the general instructions in writing delivered to plaintiff and they thereby became and were servants of the defendant, that allegation was a mere conclusion. There was no change in the relationship of the parties from that of employer and independent contractor while the pipe was being transported to that of master and servant while it was being unloaded. While plaintiff was engaged in the unloading of the pipe, the relationship between the parties was that of employer and independent contractor, not that of master and servant. In other words, plaintiff was an independent contractor both while transporting the pipe and while engaged in the unloading of it. And being an independent contractor, while acting in connection with the unloading of the pipe, the persons whom he engaged to assist him in the unloading were his agents and servants, not the agents and servants of the defendant.

■■ It is settled law in Texas that an independent contractor is not entitled to benefits under the Workmen's Compensation Act. Bridwell v. Bernard, Tex. Civ.App., 159 S.W.2d 981; Lowry v. Anderson-Berney Building Co., 139 Tex. 29, 161 S.W.2d 459. And it is equally settled law in Missouri that, except where the service was rendered in or about the premises of the employer, an independent contractor does not come within the purview of the Workmen's Compensation Act. Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S.W.2d 909; Rutherford v. Tobin Quarries, 336 Mo. 1171, 82 S.W.2d 918. Inasmuch as plaintiff was an independent contractor while engaged in unloading the pipe, he does not come within the Workmen's Compensation Act of either Texas or Missouri, and therefore the exclusive provisions contained in either or both of such acts do not constitute a bar to the maintenance of this action for damages.

The judgment is reversed and the cause remanded.