TRADERS AND GENERAL INSUR-
ANCE COMPANY, a corpora-
tion, Appellant,

v.

A. N. EDWARDS and H. E. Turpin,
Appellees.

No. 4931.

United States Court of Appeals
Tenth Circuit.

Nov. 4, 1954.

Rehearing Denied Dec. 9, 1954.

Mart Brown, Oklahoma City, Okl. (Covington & Donovan, Tulsa, Okl., were with him on the brief), for appellant.

Jack N. Hays, Tulsa, Okl. (G. Ellis Gable and Charles P. Gotwals, Jr., Tulsa, Okl., were with him on the brief), for appellee, A. N. Edwards.

Hugh M. Sandlin, Holdenville, Okl., for appellee, H. E. Turpin.

Before BRATTON and HUXMAN, Circuit Judges, and RITTER, District Judge.

HUXMAN, Circuit Judge.

This was a declaratory judgment action under the Declaratory Judgment Act, 28 U.S.C.A. § 2201, brought by appellee, A. N. Edwards, against appellant, Traders and General Insurance Company, for a declaratory judgment adjudicating that the insurance company was obliged to defend on behalf of Edwards an action instituted against him by H. E. Turpin in the District Court of Okmulgee County, Oklahoma. The insurance company has appealed from a judgment requiring it to defend that action and to hold Edwards harmless from any liability established against him therein. H. E. Turpin intervened in the action. He is aligned in interest with appellee Edwards.

The appellant insurance company had issued to A. N. Edwards and/or A. N. Edwards Construction Company a comprehensive general liability policy which was in force at the time of the occurrence out of which this litigation arose. The insurance policy contained an insurance clause covering Edwards' liability

for property damage arising in connection with his operations.

The Edwards Construction Company owned an oil and gas lease on which an oil well was being drilled. The well had been drilled to a point where it was approaching the oil sand. At this point, the company drilling the well suspended its operations and the Edwards Company, through A. N. Edwards, made an oral contract with H. E. Turpin to drill in or complete the well. This contract was what is known as a contract for day work or rig-time work. Turpin was to perform the operation of drilling into the pay sand. He was to be paid at the rate of $8.50 per hour. He furnished his own rig, employees and supervision. During these operations, the rig was damaged by fire. Turpin sued Edwards and the A. N. Edwards Construction Company, alleging that their negligence caused the damage to the rig. Edwards demanded the insurance company defend the action and hold him free from liability. Upon refusal by the company to respond, this action was instituted.

It is the company's position that there is no liability under the policy because of an exclusion clause which excludes from coverage "injury to or destruction of (1) property owned, occupied or used by or rented to the Insured  *  *  *."

The trial court found that Turpin was an independent contractor and that he and his employees were not under the supervision or control and were not subject to the direction of Edwards in the performance of the work. It is this finding that is assailed by appellants as not being supported by the record.

■ In line with other courts, Oklahoma has held that an independent contractor "is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of the work." [1]

The difficulty, as always, comes when we apply the well established principle of law to a given set of facts. For that reason decided cases are of little help in resolving a given set of facts and no useful purpose would be served by analyzing the cases cited in the briefs of the parties, because none of them set out an identical factual situation.

■ While there are some statements in the record when taken out of context which tend to support appellant's contention, we think when the evidence is considered in its entirety it compels an affirmance of the trial court's finding and conclusion that Turpin was an independent contractor. All the testimony is that neither Edwards nor his agents had any authority to direct the drilling operations. They could not tell Turpin's employees when to start, how to operate the equipment, or exercise any other direction or control over the manner in which the work was to be done. They did have the right to observe the drilling operations, tell the employees when to stop for purpose of testing the formation and could determine when drilling operations should cease, but this was all. This falls far short of exercising such supervision and control over the operations so as to place the equipment under the control of Edwards and make the workmen his agents and employees.

Affirmed.

1. Producers' Lumber Co. v. Butler, 87 Okl. 172, 209 P. 738; Federal Mining & Smelting Co. v. Thomas, 99 Okl. 24, 22 P. 967.