Sam G. LONG, Appellant,

v.

VALLEY STEEL PRODUCTS CO., a for-
eign corporation, Appellee.

No. 5122.

United States Court of Appeals
Tenth Circuit.

Nov. 2, 1955.

Rehearing Denied Nov. 29, 1955.

Louis Reilly, Kingfisher, Okl., for appellant.

Gus Rinehart, Oklahoma City, Okl. (Butler, Rinehart & Morrison, Oklahoma City, Okl., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, HUXMAN, Circuit Judge, and SAVAGE, Chief Judge.

HUXMAN, Circuit Judge.

This was an action for the recovery of damages for injuries suffered by appellant while unloading heavy pipe which appellant had transported to its destination, under contract with appellee. This is the second appearance of this case in our court. See Long v. Valley Steel Products Co., 10 Cir., 207 F.2d 505. That case contains a detailed statement of the general contractual relationships between the parties, as well as a detailed statement of the particular transportation out of which the injury for which recovery is sought occurred. In the interest of brevity those facts will not be repeated. They are by reference incorporated herein and made a part of the statement of facts of this opinion.

In the first trial the trial court held that appellant, Long, was an independent contractor during the period of transportation but that he was a servant or employee of appellee while he was unloading the pipe. On appeal, we held that Long at all times was an independent contractor. That holding now is the law of this case.

On remand, the case was tried to a jury. At the close of plaintiff's case the court directed a verdict for the defendant. The grounds of negligence upon which appellant relied for recovery were that appellee negligently loaded the pipe onto appellant's truck in such a manner as to cause it to shift on the truck and make it more dangerous to unload, and that appellee was further negligent in failing "to see that necessary steps are taken to prevent the mischief." By that we understand appellant to mean that appellee was negligent in not making available an A-frame winch truck, by the

330

use of which the pipe could have been unloaded safely.

■ While the general rule is that an independent contractor cannot recover damages from his employer for injuries suffered by him, there are some exceptions to the rule. These exceptions to the general rule are well stated in 27 Am. Jur., Independent Contractors, pages 508–9: "Sec. 30—Although one employs an independent contractor to do certain work, and although he thereby escapes liability for the negligence of such contractor, he is nevertheless answerable for his own negligence."

■ Appellant's assertion that the record contains evidence showing that appellee negligently loaded the pipe on the truck and that this negligence contributed to his injury is not borne out by an examination of the record. Appellant himself testified that before starting out with the load he walked around the truck, surveyed and examined the load, and concluded that the pipe had been properly loaded. Appellant's statement that had the pipe been properly loaded it would not have shifted does not support an inference of negligence on appellee's part. That is a mere conclusion on appellant's part. The burden rested upon him to point out with at least some degree of certainty the manner in which this pipe was negligently loaded. Aside from his conclusion, there was no evidence of negligence or of any defect in the manner in which the pipe was loaded or secured on the truck.

■ Neither does the fact that appellee failed to furnish an A-frame winch truck or other mechanical equipment for unloading the pipe constitute negligence on its part. Appellant was an independent contractor. Appellee had no supervision or control over his movements or the manner in which he unloaded the pipe. It could not, had it desired to do so, direct him as to how the pipe should be unloaded. All such matters were within appellant's exclusive control. If it was dangerous to unload the pipe without an A-frame winch truck or with only two assistants present, he should not

have undertaken to unload it under those conditions. He should have done what reasonably appeared to him to be necessary to safely unload the pipe. As stated, appellee could not direct him how he should go about unloading this pipe.

■ Complaint is made that when the case was remanded the trial court permitted certain amendments to appellee's answer and denied appellant the right to amend his petition, increasing the amount for which recovery was sought. But because of the court's conclusion, concurred in by us, that there was no showing of negligence on the part of appellee such as to make it liable to an independent contractor, all such questions are moot and merely academic and need not be considered.

Affirmed.