**MANHATTAN CONSTRUCTION COM-
PANY, Petitioner,**

v.

**DISTRICT COURT OF OKLAHOMA COUN-
TY and Charles L. Owens, Judge of the
District Court of Oklahoma County, Re-
spondents.**

**No. 46998.**

Supreme Court of Oklahoma.

Dec. 26, 1973.

Rhodes, Hieronymus, Holloway & Wil-
son by Gary Bachman, Oklahoma City, for
petitioner.

Bay, Hamilton, Renegar & Lees by An-
drew L. Hamilton, Oklahoma City, for re-
spondents.

HODGES, Justice.

This is an application to assume original
jurisdiction and for a writ of prohibition
by Manhattan Construction Company,
(Manhattan) to prevent the respondent,

Judge of the District Court of Oklahoma County, Oklahoma, from proceeding further in a certain action now pending in that court. Manhattan alleges that the court is without jurisdiction of the subject matter of the action because the exclusive remedy for the damages claimed resides in the State Industrial Court. We agree.

The plaintiff, Ray Paul Dean, (Dean) filed an action seeking recovery for personal injuries sustained while he was employed by the Dolese Company (Dolese) as a truck driver. The accident allegedly happened when the plaintiff was delivering or pouring concrete for use in the construction of the building for the St. Anthony Hospital Expansion Project in Oklahoma City, Oklahoma.

In answer to Dean's Petition, Manhattan alleged that: Dean was employed by Dolese as a truck driver; Dolese was a subcontractor or independent contractor for Manhattan; Manhattan was secondarily liable under the provisions of the Workmen's Compensation Laws of Oklahoma; and thus Manhattan was immune from this common law action filed by the plaintiff.

Manhattan filed its Motion for Summary Judgment based on these allegations.

The Trial Court, overruled Manhattan's Motion for Summary Judgment and concluded that Dolese was a supplier rather than a subcontractor or independent contractor of Manhattan.

Subsequently, the deposition of John B. Casey, Jr. (Casey), Assistant to the President of Dolese, was taken and evidence not previously before the Trial Court was received. Based upon the newly discovered evidence elicited from the testimony of Casey, a Motion to Reconsider based upon the newly discovered evidence was filed. This Motion was overruled on October 1, 1973, and this Application and Petition for Petition for Writ of Prohibition followed.

Manhattan asserts that the uncontroverted facts established through the deposition of Casey, clearly show that Dolese was a subcontractor or independent contractor for Manhattan and therefore was secondarily liable under the provisions of the Workmen's Compensation Laws of Oklahoma to Dean, thus prohibiting him from maintaining an action at common law.

Manhattan received an award for the entire construction of the St. Anthony Project. It was the prime contractor and after receiving the award, entered into contracts with subcontractors for performance of various facets of the construction project.

Dolese, subsequently entered into a written contract to furnish all material and/or labor necessary to provide all concrete necessary for the St. Anthony Construction Project. After the contract was accepted by Dolese, its employees began to undertake the manufacture, delivery, and pouring of concrete for use on the construction project. In addition, engineers for Dolese ran numerous tests to assure conformity with unique and specific mix designs of the concrete for use in the hospital project and submitted the results to Manhattan's architect. Dolese maintained continual supervision over the project and provided all labor and material to furnish the concrete for use and construction of the building on the St. Anthony Hospital Project.

The St. Anthony Hospital Construction Project consisted of construction of a large building, the structure of which was seventy-five per cent (75%) concrete and steel. All of the concrete used in said building was furnished by Dolese.

As a part of the contract, Dolese was required to furnish a certificate of insurance to Manhattan Construction Company reflecting liability and Workmen's Compensation Coverage.

While delivering and unloading the concrete at the Hospital project, Dean was injured and this common law action followed. As a result of the injuries, he received workmen's compensation benefits.

■ Under Oklahoma law, an "independent contractor" is one who exercising an independent employment contracts to do a piece of work according to his own

 

methods and manner, free from direction and control of employer in all matters relating to performance of work except as to a result of product. Traders & General Ins. Co. v. Edwards, 216 F.2d 441, 442 (C.A. 10th Cir. 1954) certiorari denied, 348 U.S. 953, 75 S.Ct. 441, 99 L.Ed. 744; Long v. Valley Steel Products Co., 207 F.2d 505, 507 (C.A. 10th Cir. 1953); Miller Const. Co. v. Wenthold, 458 P.2d 637, 639 (Okl. 1969).

A subcontractor is one who has entered into an implied or express contract, for the performance of an agreed result with a person who has already contracted for its performance. Fox v. Dunning, 124 Okl. 228, 255 P. 582, 584, 586 (1927); Dolese Bros. Co. v. Andrecopulas, 113 Okl. 18, 237 P. 844 (1925).

Dolese entered into a written contract to provide concrete to Manhattan which was essential to construction of the building on the St. Anthony Hospital Expansion Project. We find that this was necessary and integral to the construction and completion of the project. Dolese did not occupy the position of an occasional supplier who might provide small amounts of material on isolated occasions. Accordingly, we believe that under the uncontroverted facts, Dolese maintained a relationship of independent contractor to Manhattan thus giving rise to secondary liability under the Workmen's Compensation Laws of Oklahoma.

The cardinal question or test to determine secondary liability under the provisions of the Workmen's Compensation Laws of the State of Oklahoma was defined in the recent case of W. P. Atkinson Enterprises v. District Court et al., Okl., 516 P.2d 541. Here similar issues were presented to this Court. The defendant (Atkinson Enterprises) was the principal or prime contractor for construction of an apartment project. The plaintiff was an employee of a roofing contractor who has contracted with Atkinson to provide roofing for a temporary storage building to house materials at the construction site.

The salient question in the case was the determination of the test under Oklahoma law to establish secondary liability under the Workmen's Compensation Laws. We defined the test as:

"Where the principal business is covered by the Workmen's Compensation Act, the only relevant issue in determining secondary liability is whether the employee of the independent contractor is engaged in work that is a necessary and integral part of the general contractor's principal business." 85 O.S.1971 §§ 11, 12 and 44.

The motion for summary judgment should have been sustained.

Writ of prohibition granted.

All Justices concur.