Dear Honorable Fried,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions:
Is a real estate broker liable for workers compensation for injuriessustained by sales associates?
Your request enclosed a specific contractual relationship between a broker and sales associate. In substance, the agreement provides that the broker shall maintain an office to which the sales associate ("associate") may have use and access and that the broker will furnish listings which the associate may use for the purpose of procuring sales. The associate, on the other hand, agrees to work with diligence to procure sales of real estate, to acquire new listings and prospects, to abide by rules of practice and procedure promulgated by the broker and divide commissions earned in a specified manner. Neither broker nor associate are liable for the expenses of the other but, under certain circumstances, expenses may be prorated. With respect to the relationship between them, the agreement provides:
 "* * * the Sales Associate shall be construed to be a subagent only, with respect to the clients and the customers for whom services should be performed, and shall otherwise be deemed to be an independent contractor and not a servant, employee, or a partner of the Broker."
The provisions of the Workers Compensation Act, 85 O.S. 1[85-1] et seq. (1977) (the "Act") require the payment of compensation to an "employee for injuries arising out of and in the course of his employment," with certain specific exceptions not applicable to your question. 85 O.S. 2.1.
An "employee" is defined generally as "any person engaged in the employment of any person, firm or corporation covered by the terms of the Compensation Act." 85 O.S. 3(4). An "employer" includes persons, partnerships, associations, and corporations employing persons meeting the definition of "employee." 85 O.S. 3(3). By the term "employment," reference is made to:
 "* * * work or labor in a trade, business, occupation or activity carried on by an employer for pecuniary gain * * * *" 85 O.S. 3(5); Emphasis added .
We can doubtless assume that the operation of a real estate brokerage is an activity carried on for pecuniary gain. The essential question then is whether an employee-employer relationship exists between a real estate broker and salesman since workers compensation liability requires, in the first instance, the existence of such a relationship. Hillcrest Hospital v. State Industrial Court, 452 P.2d 781 (Okla. 1969). Conversely, if the relationship between a broker and a sales associate is that of principal contractor-independent contractor, no liability for workers compensation exists. 85 O.S. 11.
An "independent contractor" is defined as one who, exercising an independent employment, contracts to do a piece of work according to his own methods and manner, free from direction and control of his principal in all matters relating to the performance of the work except as to the result of the work. Manhattan Const. Co. v. District Court, 517 P.2d 795
(Okla. 1973).
The decisive test in determining whether one is an "employee" or "independent contractor" is whether the principal retains the right to control the physical details of the work, that is, the method and manner that the work is to be accomplished while it is being performed. Herron Lumber Co. v. Horn, 446 P.2d 53, 54, (Okla. 1968) Syllabus 2.
While the "right to control" test is the essential finding to be made, many other elements are considered in making a determination of whether an employment relationship exists, i.e., the nature of the contract between the parties, whether the worker is able to engage in similar work for others, the supervision required and given by the principal, the method of payment, the acts and conduct of the parties and the right of termination of the relationship and the liabilities arising therefrom. See Page v. Hardy, 334 P.2d 782 (Okla. 1959) for a review of factors which our Supreme Court has taken into consideration in making determinations of this nature.
Whether an associate is an employee or an independent contractor will be determined by the facts and circumstances in each case and will be governed, in a large measure, by the activities of the associate at the time of injury, International Spa v. Jones, 525 P.2d 630 (Okla. 1974), and not necessarily by the usual activities of the associate. The factors contributing to a determination of the employment status may change during the course of the relationship, e.g., with respect to one sale, a broker might exercise close control of the details of an associate's activities while in another dealing, the broker may exercise little control. As mentioned above, however, it is the "right to control" that is decisive. Each claim for injury by an associate under workers compensation must, therefore, stand on its own facts and cannot be determined in advance as a matter of law.
It is the opinion of the Attorney General, therefore, that whether areal estate broker is liable for the payment of workers compensationbenefits under the provisions of 85 O.S. 1 et. seq. (1977) for injuriessuffered by a sales associate depends upon the facts and circumstancesexistent at the time of injury in each case, a determination which canonly be made by the Workers Compensation Court as the trier of fact.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MANVILLE T. BUFORD, ASSISTANT ATTORNEY GENERAL CHIEF, CIVIL DIVISION